IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Agilent Technologies, Inc.,<br><br>  Plaintiff,<br> v.<br><br>Elan Microelectronics Corporation, et al.,<br><br>  Defendants. | NO. C 04-05385 JW<br><br>**ORDER DENYING DEFENDANT ELAN MICROELECTRONICS' MOTION TO DISMISS** |

## I. INTRODUCTION

Agilent Technologies, Inc., ("Agilent" or "Plaintiff") brings this action against Elan Microelectronic Corp., ("Elan") and Elan Information Technology Group ("EITG") for patent infringement. Currently before this Court is Elan's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (See Docket Item No. 16, hereafter, "Motion"). On August 22, 2005, the Court conducted a hearing on the motion. Based upon the arguments presented during the hearing and submitted in the briefs, the Court DENIES Elan's Motion to Dismiss.

## II. BACKGROUND

Agilent is a Delaware Corporation with its principal place of business in Palo Alto, California. Agilent is the sole owner by assignment of U.S. Patent No. 6,433,780 (the '780 patent), entitled "Seeing Eye Mouse for a Computer System," and U.S. Patent No. 5,786,804 (the '804 patent), entitled "Method and System for Tracking Attitude." (Complaint ¶ 8, 11.) Agilent alleges that Defendants have infringed

and are infringing both patents by making, using, selling or offering to sell within the United States inventions protected by one or more claims of the patents. (Complaint ¶ 9, 12.)

Defendant Elan is a Taiwanese Corporation with its principal place of business in Hsin-Chu, Taiwan. (Complaint ¶ 2.) Elan's primary business is the design and marketing of consumer integrated circuits ("IC"). (Motion at 3.) Elan manufactures these IC products in Taiwan but maintains a worldwide network of sales channels and technical support groups, including one in North America. Id. EITG is Elan's wholly-owned subsidiary in North America with its principal place of business in Saratoga, California. (Complaint ¶ 3.)

Plaintiff asserts the following jurisdictional facts. Elan founded EITG in 2001. Elan sells and markets its products in the United States through EITG. Elan advertises on its website that in all its regions, including North America, it provides local technical and commercial support through its subsidiary. (Declaration of David C. McPhie in Support of Agilent Technologies, Inc.'s Opposition to Motion to Dismiss Elan Microelectronics Corporation For Lack of Personal Jurisdiction, hereafter, "McPhie Decl." Ex. 11.) The percentage of Elan's total sales directed to the U.S. has been substantial, reaching as high as about 40%, or tens of millions of U.S. dollars each year. (Opp'n at 11.) Elan has jointly developed the products at issue in this litigation with a California corporation. Significantly, the optical mice containing the alleged infringing products are sold in California. (Id.)

In addition, Yueh-O Yu ("Ms. Yu"), Elan's cofounder, chief engineer, and head of research and development (R&D) has traveled to California to serve as President and registered agent of EITG (McPhie Decl. Exs. 2, 12.) In this capacity, Ms. Yu was responsible for overseeing training of Elan's engineers from Taiwan and taking charge of technology transfer of advanced "know-how to Elan" in the United States. (McPhie Decl. Ex. 2.) There is also an allegation of overlapping board membership between the two companies.

## III.  STANDARDS

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action brought against him on the basis that personal jurisdiction over him is lacking. Once a defendant challenges jurisdiction, the plaintiff has the burden of establishing that the court has personal jurisdiction over

2

1  a defendant. See Rio Properties, Inc. v.. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002); Doe v..
2  Unocal Corp., 248 F.3d 915, 923 (9th Cir.2001).

3        The court may obtain personal jurisdiction over a defendant if it finds that either general or specific
4  jurisdiction exists. General jurisdiction requires that a defendant engage in "systematic and continuous
5  contacts" with California. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984).
6  Specific jurisdiction is appropriate when a foreign defendant's less substantial contacts with the forum give
7  rise to the causes of action in the suit. Hanson v. Denckla, 357 U.S. 235, 250 (1958).

## IV. DISCUSSION

9        Agilent contends that Elan is subject to personal jurisdiction under multiple theories. Agilent
10 contends the Court has general jurisdiction over Elan because Elan has had continuous and systematic
11 business dealings in California, including the creation of its North American sales, research, development,
12 and support hub in Silicon Valley. (Opp'n at 2.) Alternatively, Agilent contends the Court has specific
13 jurisdiction over Elan based on the development efforts of the accused products in California and the
14 purposeful release of those products through established distribution channels, resulting in sales within the
15 forum. (Id.)

16       Elan contends that the majority of the facts asserted in Agilent's opposition and accompanying
17 declarations are nothing more than hearsay snippets from a variety of websites. Moreover, while Elan does
18 not dispute that Elan products are sold in the United States, it argues that this merely establishes jurisdiction
19 over its American subsidiary, EITG, which distributes and markets the products, not the Taiwanese parent
20 company. (Rely at 3.)

21       The Court finds that there is sufficient basis to exercise specific jurisdiction over Elan, and therefore,
22 will not address Agilent's other theories for jurisdiction.

23       Three criteria are used to determine whether specific jurisdiction exists. First, the defendant must
24 make such contact with the forum state that would constitute purposeful availment. See McGlinchy v.
25 Shell Chemical Co., 845 F.2d 802, 816 (9th Cir. 1988); Federal Deposit Ins. Corp. v. British-American
26 Ins. Co., Ltd., 828 F.2d 1439, 1442 (9th Cir. 1987). This requirement aims to ensure that a defendant's
27 conduct and connection with the forum are such that he should reasonably anticipate being haled into its
28 court. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986)

1  (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)). Second, the litigation must arise out

2  of that contact with the forum state. McGlinchy, 845 F.2d at 816. Third, the exercise of jurisdiction must

3  be reasonable. Id.

**A.     Purposeful Availment.**

Under the first prong of the specific jurisdiction test, Agilent must establish that Elan either purposefully availed itself of the privilege of conducting activities in the Northern District of California, or purposefully directed its activities toward the Northern District of California. In this case, Agilent alleges that Elan has joined with Peripheral Imaging Corporation ("PIC"), a San Jose-based company to develop the alleged infringing optical sensor. (McPhie Decl. Ex. 15.) Elan touts that its investment in PIC has enabled it to design a CMOS senor for an optical mouse. (Id. Ex. 35.) Further, in a 2004 financial statement, Elan reports that it "executed a joint development contract [with PIC] on optical mouse . . . whereby when [Elan] uses this technology to make and sale products, it must pay royalties to PIC based on a certain percentage of the gross profits." (Id. Ex. 48, 49, 54.) Royalties paid by Elan to PIC under this contract have exceeded one million U.S. dollars in the first three quarters of 2004. (Id.) The Court finds that these allegations support the contention that Elan purposefully sought a partnership with a California company to develop the alleged infringing sensor.

Elan contends that it does not sell its products directly into the United States and does not import its products into the United States. However, during oral argument, counsel for Elan admitted to the Court that EITG directly purchases products from Elan and turns around to sale them to California companies. This seems to support Agilent's allegation that Elan has deliberately and willfully directed its products toward California through sales. (Complaint ¶ 9.) At the very least, the Court finds that Elan has caused its products to be imported into the United States, specifically to the Northern District of California.

Elan's contends that the majority of jurisdictional facts asserted by Plaintiff are hearsay and are not sufficiently supported by accompanying evidence. However, the Federal Circuit has held that "hearsay bear[ing] circumstantial indicia of reliability" may be admitted for purposes of determining whether personal jurisdiction exists. Beverly Hills Fan Co. V Royal Soverign Corp., 21 F.3d 1558, 1562 (Fed. Cir. 1994). Elan makes no evidentiary claims as to the nature of the alleged hearsay. As the Ninth Circuit has held, when a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an

4

evidentiary hearing, a plaintiff needs only make a prima facie showing of the jurisdictional facts to withstand the motion. Unocal, 248 F.3d at 922. In order to make a prima facie showing, a plaintiff must allege facts which, if true, would be sufficient to establish personal jurisdiction. Id. If not directly controverted, a plaintiff's version of the facts is taken as true for the purposes of the motion. Id. Conflicts between the facts stated in the parties' affidavits must be resolved in plaintiff's favor during a prima facie jurisdictional analysis. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir.2002). In this case, the jurisdictional facts asserted all come from Elan's own marketing materials and as well as other public documents, such as its website. The Court finds that at the pleading stage, the alleged jurisdictional facts present sufficient circumstantial indicia of reliability to determine personal jurisdiction over Elan.

In addition, Elan is correct in asserting that Plaintiff must prove facts outside of a subsidiary relationship for this Court to establish personal jurisdiction Elan. The Ninth Circuit has held that "[t]he existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over companies." Transure, Inc. v. Marsh and McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir. 1985). The jurisdictional analysis depends on the corporate relationship between the parent and its subsidiary. "Jurisdictional contacts of a subsidiary corporation should be imputed to the corporate parent when the subsidiary corporation is engaged in functions that, but for the existence of the subsidiary, the parent would have to undertake." Gallagher v. Mazda Motor of America, Inc., 781 F.Supp. 1079, 1085 (E.D. Pa. 1992.)

As counsel for Elan represented to the Court during oral argument, EITG, Elan's subsidiary, gets its products directly from Elan. If EITG did not exist, Elan would have to undertake direct sales with its clients in the United States, particularly in California. As Elan public marketing documents tout, Elan wholly-owned subsidiary EITG serves as the North American hub for Elan's "worldwide network of sales channels and technical support." (McPhie Decl. Exs. 6, 7, 48, 49.) But for the existence of EITG, Elan would have to provide local technical support, research and development, and sales to its customers in this district. These circumstantial jurisdictional facts support the proposition that EITG's activities may be imputed to Elan.

The activities and relationship between Elan and EITG as alleged establish a prima facie showing of jurisdiction facts. The Court finds that Elan has both availed itself of the privilege of conducting activities in the Northern District of California and purposefully directed its activities toward this district.

**B.     Plaintiff's Claims and Defendant's Forum Activities.**

The second prong of the test for specific jurisdiction requires that the claim against the defendant be one which "arises out of" or relates to the defendant's forum-related activities. This factor is measured in terms of "but for" causation. See Panavision International v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998). The court asks whether the action would exist but for the contacts. Agilent contends that Elan infringes its patents by marketing and selling the alleged infringing products in California. But for the injury that Agilent, a California-based company, suffered in California from Elan's infringing activity, Agilent would not have a cause of action against Elan. Therefore, Agilent's patent infringements action against Elan arises out of Elan's alleged activities directed at California.

**C.     Reasonableness of Jurisdiction.**

The third prong of the test for specific jurisdiction provides that the exercise of personal jurisdiction must comport with fair play and substantial justice. The Ninth Circuit has held that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. Haisten, 784 F.2d at 1397. Seven factors are considered in assessing reasonableness of jurisdiction: (1) the extent of defendant's purposeful interjection into the forum; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the issue; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to plaintiff's interest in convenient and fair relief; and (7) the existence of an alternate forum. Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd., 828 F.2d 1439, 1442 (9th Cir. 1987); Core-Vent Corp. v. Nobel Industries, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Of the seven factors to be considered in an assessment of reasonableness of jurisdiction, no single factor is dispositive and a court must balance all seven. Cor-Vent Corp., 11 F.3d 1482 at 1488.

There is a presumption that jurisdiction is reasonable so long as the first two prongs of the specific jurisdiction test have been met. Haisten v. Grass Valley Medical Reimbursement, 784 F.2d 1392, 1397 (9th Cir. 1986). For example, once a plaintiff has established purposeful availment and shown that its claims arise out of defendant's purposeful contacts, defendant must present a compelling case of the unreasonableness of jurisdiction in order to defeat jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

In arguing that an exercise of jurisdiction is unreasonable, Elan's primary argument rests with the burden of litigation in California because it is Taiwanese company. (Reply at 11.) The Ninth Circuit has held that unless such inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction. Caruth v. International Psychoanalytical Ass'n, 59 F.3d 126, 128-129 (9th Cir. 1995). In this case, Elan's purposeful interjection into the forum state favors jurisdiction because as described above, Elan's alleged wrongful activities were and still are directed at California.

Elan's status as a foreign company slightly weighs in its favor with respect to the burden factor. However, "when minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." See Asahi Metal Industry Co. V. Superior Court, 480 U.S. 102, 114 (1987). Here, Elan maintains a subsidiary in Saratoga, California. Its cofounder, chief-engineer, and head of R&D, Ms. Yu, has traveled to California to serve as President and registered agent of EITG. (McPhie Decl. Exs. 2, 12.) In these capacities, Ms. Yu was responsible for overseeing training of Elan's engineers from Taiwan and taking charge of certain technology transfer in the United States. Ms. Yu's role as President of EITG is not insignificant; it goes to Agilent's contention that Elan and EITG are closely connected. With its subsidiary in the Northern District, and the fact that its cofounder has readily traveled to California to foster its business, the burden on Elan to defend the litigation lessens.

The third factor, potential conflicts with another state's sovereignty, is given greater importance where the events giving rise to the suit occurred on the foreign state's territory. In this case, Elan has not argued that California's sovereignty conflicts with another state's authority. Elan does not dispute that the events giving rise to the suit occurred in California. Therefore, this case does not give rise to potential conflicts with Taiwanese's sovereignty.

California's interest in adjudicating this case is significant and thus, weighs toward the Plaintiff. The accused product is in fact directed toward the United States and California markets. Elan maintains a continuous business relationship with the United States through its office in Saratoga. Elan directs its customers in North America to contact EITG for products and services. Elan list of customers includes several large American and Californian companies. These facts clearly outweigh the burden of subjecting

7

Elan to litigation in this state. See Beverly Hills Fan Co. V Royal Soverign Corp., 21 F.3d 1558, 1568 (Fed. Cir. 1994). A forum state has the power to settle issues that arise within its boundaries, and between its companies and the companies that do business with it. Id.

Agilent's interest in a convenient and fair relief for the alleged infringement is important. Agilent, being a California corporation, has rightfully elected its forum state to redress a wrong. If the allegations are true and the case is resolved in Agilent's favor, properly enforcing an award would necessitate an American court and enforcement mechanism. Given that Agilent and one of Elan's subsidiaries are located in the Silicon Valley, the convenience factor weighs in favor of Agilent.

The last factor in the reasonableness prong is to consider whether there is an alternate forum. Again there are multiple factors which weigh in favor of Plaintiff's chosen forum. The Plaintiff and one of the Defendants are located in California. The alleged infringing products are produced and sold in California. It appears that California would be the most obvious and least taxing forum for all parties affected by this litigation. Elan contends that it would have to retain counsel for this forum. Perhaps this would create a minor inconvenience for Elan, however, it pales in comparison to the difficulties Plaintiff would encounter in Taiwan, where it has no contacts whatsoever.

Weighing all the factors, the Court finds that it is reasonable to subject Elan to personal jurisdiction in the Northern District.

## V.  CONCLUSION

Defendant Elan Microelectronics' Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

The parties shall appear for a case management conference on **Monday, January 9, 2006 at 10 a.m.** Pursuant to the Civil Local Rules of this Court, the parties shall submit a joint case management statement no later than ten (10) days before the date of the conference.

Dated: November 29, 2005

JAMES WARE
United States District Judge

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan J. Heinrich aheinrich@irell.com
David Craig McPhie dmcphie@irell.com
Elizabeth H. Rader erader@akingump.com
Morgan Chu mchu@irell.com
Richard Elgar Lyon rlyon@irell.com
Samuel Kai Lu slu@irell.com

**Dated: November 29, 2005**          **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers**
         **Ronald L. Davis**
         **Courtroom Deputy**

**United States District Court**
For the Northern District of California