MORGAN CHU (STATE BAR NO. 70446)
SAMUEL K. LU (STATE BAR NO. 171969)
RICHARD LYON (STATE BAR NO. 229288)
JONATHAN P. STEINSAPIR (STATE BAR NO. 226281)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:      310-277-1010
Facsimile:      310-203-7199

*E-filed 1/4/06*

Attorneys for Plaintiff
Agilent Technologies, Inc.

YITAI HU (Admission Pending)
REGINALD STEER (STATE BAR NO. 056324)
ELIZABETH H. RADER (STATE BAR NO. 184963)
GARY MA (STATE BAR NO. 221294)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:      415-765-9500
Facsimile:      415-765-9501

Attorneys for Defendants
ELAN MICROELECTRONICS, and ELAN
INFORMATION TECHNOLOGY GROUP,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ELAN MICROELECTRONICS, a Taiwanese corporation, and ELAN INFORMATION TECHNOLOGY GROUP, a California Corporation, <br><br> Defendants. | ) Case No. C-04-5385-JW <br> ) **[PROPOSED] STIPULATED** <br> ) **PROTECTIVE ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

1

_____  )

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, upon the consent and stipulation of the parties, Defendants Elan Microelectronics Corp. and Elan Information Technology Group (collectively "Defendants") and Plaintiff Agilent Technologies, Inc. ("Agilent"), and for good cause shown,

IT IS HEREBY ORDERED as follows:

1.  Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the party producing the discovery responses (hereinafter "the Producing Party"), contains any trade secret or other confidential or commercial information; including information of the Producing Party which it believes in good faith gives a competitive advantage over others who do not possess such information, which is not generally known to others in the Producing Party's trade or business, which the Producing Party would normally not reveal to third parties except in confidence or has undertaken with others to maintain in confidence, may be designated by the Producing Party as "Outside Attorneys' Eyes Only." Information designated as "Outside Attorneys' Eyes Only" in accordance with this Order, shall be disclosed or made available only to persons as described in Paragraphs 3 and 4 herein, and is not to be copied or otherwise reproduced except for the limited purpose of conducting this litigation, including preparing exhibits for affidavits, depositions, hearings, or for trial. All copies of materials properly designated as "Outside Attorneys' Eyes Only," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "Outside Attorneys' Eyes Only," shall be Outside Attorneys' Eyes Only information.

2.  Outside Attorneys' Eyes Only information may be made subject to the Protective Order as follows:

(a)  With respect to documents or copies provided by the Producing Party to the party receiving the discovery responses (hereinafter "the Receiving Party"), by marking the

initial page and the page or pages on which any Outside Attorneys' Eyes Only information appears with the legend "OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." The Producing Party shall so mark documents or copies prior to or at the time of supplying them to opposing counsel.

(b) With respect to documents or copies produced by the Producing Party for inspection by opposing counsel, such documents are deemed to be, and shall be treated as, Outside Attorneys' Eyes Only documents, whether or not so marked, unless and until opposing counsel requests copies of such documents and the Producing Party supplies such copies to opposing counsel. Copies of such documents supplied to opposing counsel shall be made subject to this Order if, prior to or at the time of supplying them to opposing counsel, the Producing Party marks such copies as "OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL ATTORNEYS' EYES ONLY," as provided in Paragraph 2(a) above.

(c) Testimony or information disclosed at a deposition may be designated by a Producing Party as Outside Attorneys' Eyes Only information by indicating on the record at the deposition the specific testimony or subject matter of the testimony which contains Outside Attorneys' Eyes Only information that is to be made subject to the provisions of this Order. The parties will use their best efforts to make all such designations during the deposition. A Producing Party may later designate testimony or information disclosed at a deposition as Outside Attorneys' Eyes Only by notifying all parties in writing, within thirty days of receipt of the transcript, of the specific pages and lines of the transcript, or the subject matter of the testimony that is to be designated Outside Attorneys' Eyes Only. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. If no confidentiality designation is made at the time of a deposition, such deposition nonetheless shall be treated as Outside Attorneys' Eyes Only information from the taking of the deposition until thirty days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

(d) In the case of responses to interrogatories, or other discovery requests, or responses, affidavits, briefs, memoranda or other papers filed with the Court, information

contained therein may be designated as Outside Attorneys' Eyes Only by prominently marking such "OUTSIDE ATTORNEYS' EYES ONLY."

      (e)  Tangible objects may be designated Outside Attorneys' Eyes Only by affixing to the object or its container a label or tag marked "OUTSIDE ATTORNEYS' EYES ONLY."  Electronic files produced on media may be designated as  Outside Attorneys' Eyes Only by affixing to the media a label or tag marked "OUTSIDE ATTORNEYS' EYES ONLY."

      (f)  To the extent that information has been produced prior to the entry of this Order which a Producing Party desires to designate as Outside Attorneys' Eyes Only, the Producing Party may, within twenty days of the entry of this Order, designate any information as Outside Attorneys' Eyes Only by identifying in writing to the Receiving Party which such documents, testimony or tangible objects should be treated as Outside Attorneys' Eyes Only.

      3.     (a) Except as provided in Paragraph 4 herein, Outside Attorneys' Eyes Only, and any analysis or report containing Outside Attorneys' Eyes Only information, may be made available only to and inspected by:

      (i) up to (six) persons per party who have been designated as either independent expert witnesses or independent consultants and personnel acting under their direct or indirect supervision; and

      (ii) the parties' outside counsel of record in this action and personnel of outside counsel;

      (iii) Trial and appellate courts for this action, court reporters, videographers, and/or interpreters, and necessary support personnel of such court reporters, videographers, and/or interpreters retained in connection with any hearing or trial of this action or in connection with any depositions taken by any party in this litigation to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition;

(iv)   (a) Trial consultants and/or jury consultants retained in preparation for trial, provided that no documents or physical things embodying Outside Attorneys' Eyes Only information of another party shall be left in the possession of any such person;

(b) Mock jurors, focus group members, or research group participants selected by trial consultants, jury consultants or by trial counsel in preparation for trial, provided that no documents or physical things embodying Outside Attorneys' Eyes Only information of another party shall be left in the possession of any such person;

(v)   (a) Independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services, provided such individuals are merely performing clerical or ministerial tasks;

(b) Interpreters, as necessary to translate documents;

(vi) Non-party individuals who are designated in the document or material itself as an author or recipient of the designated document or material;

(b) For purposes of persons designated as independent expert witnesses or independent consultants pursuant to Paragraph 3(a)(i), each party shall disclose to the other party, by facsimile and first class mail, the identity, residence, signed undertaking, and curriculum vitae of each independent expert witness or independent consultant at least five (5) business days prior to the first disclosure of Outside Attorneys' Eyes Only information to that independent expert witness or independent consultant.  If a party objects to the identified expert or consultant, it shall make its objections known in writing within five (5) business days of notification.  If agreement on the independent expert or consultant cannot be reached, the objecting party shall have ten (10) business days after making its objections known to seek a protective order from the Court.  In such case, no disclosure shall be made to the expert until the Court has ruled on the motion for a protective order.  If the objecting party fails to seek a protective order within that time, the objection shall be deemed waived and Outside Attorneys' Eyes Only information may be disclosed to the independent expert subject only to this Protective Order.

It is the specific intent of this subparagraph that Outside Attorneys' Eyes Only information shall not be available to other individuals including the parties, or their employees, except as may be permitted pursuant to Paragraph 4 herein. The parties reserve the right. however, to seek modification of this Protective Order at a later date to provide that one or more in-house attorneys be permitted to review materials designated as Outside Attorneys' Eyes Only. The parties agree that this Stipulation shall not affect the burden of persuasion with respect to whether such a provision is, or is not, appropriate

(c) No Outside Attorneys' Eyes Only information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in Paragraphs 3(a) or 3(b), with the exception of outside counsel and the personnel of outside counsel as set forth in Paragraph 3(a), trial and appellate courts and the courts' official court reporters, or to any individual who is otherwise authorized to receive or view such information pursuant to Paragraph 4, unless and until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached as Exhibit A, any and all of which signed undertakings shall be retained in duplicate by outside counsel of record for the Receiving Party.

(d) The limitations on the disclosure of Outside Attorneys' Eyes Only information apply to all Outside Attorneys' Eyes Only information, including but not limited to draft memoranda, expert reports, and briefs.

4. In the event that counsel for a party deems it necessary to disclose any information of the Producing Party designated Outside Attorneys' Eyes Only to any person not specified in Paragraph 3 herein, said counsel first shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. Until such motion is decided finally by this Court, no disclosure shall be made.

5.   If a Producing Party discloses any document, or portion thereof, or any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which it later determines was not, but should have been, designated Outside Attorneys' Eyes Only information, the Producing Party may so designate such materials by serving a written notice upon the Receiving Party. The Producing Party shall, at the time of such written notice or within a reasonable time thereafter, produce a copy of such discovery materials marked with the appropriate re-designation. The Receiving Party's outside counsel shall thereafter take reasonable steps to ensure that all known copies of previously produced, mis-designated discovery materials and materials containing or referring to such previously produced, mis-designated discovery materials are appropriately re-designated, destroyed, or returned to the Producing Party.  The Receiving Party's outside counsel also will ensure that, upon re-designation, persons not entitled to have access to Outside Attorneys' Eyes Only information, as the case may be, promptly return them to such outside counsel.  The disclosure or use of previously produced, mis-designated discovery materials by the Receiving Party prior to the service of written notice by the Producing Party shall not constitute a violation of this Protective Order so long as such disclosure or use of previously produced, mis-designated discovery materials was made in good faith.

6.   If a Receiving Party in possession of discovery materials designated as Outside Attorneys' Eyes Only information receives a subpoena from a non-party to this action seeking production or other disclosure of such discovery materials, the Receiving Party shall immediately give written notice to the Producing Party, specifying the discovery materials sought and enclosing a copy of the subpoena or other form of compulsory process. Where possible, at least ten (10) calendar days' notice shall be given before production or disclosure is due.  In no event shall production or disclosure be made without either:  (i) the Receiving Party having obtained a release under this Protective Order to make such production or disclosure; or (ii) a court ordering such production or disclosure.

7.   The production of any discovery materials governed by this Protective Order shall be without prejudice to any claim by the Producing Party that such discovery materials are

protected from discovery on the basis of privilege or the work-product doctrine, so long as such production was made inadvertently. No Producing Party shall be held to have waived any of its rights by such an inadvertent production. If, after discovery materials are produced, a claim of privilege and/or work product is subsequently made, the Receiving Party shall take reasonable steps to ensure that all known copies of such discovery materials are returned promptly to the Producing Party. After the return of the discovery materials, the Receiving Party may challenge the Producing Party's claim of privilege and/or work-product by filing a motion with the Court. Any determination by the Court on the Producing Party's claim of privilege and/or work product shall be made without regard to the fact that such discovery materials have been produced so long as such production was made inadvertently. The Receiving Party shall bear the burden of proving that such production was not made inadvertently.

8. The Clerk of the Court is provisionally directed to maintain under seal all information, documents, objects and other materials filed with the Court that have been designated by a party to this action as Outside Attorneys' Eyes Only pending a final determination by the Court that good cause exists to permit the information, documents, objects or other materials to be filed under seal. To assist the Clerk, any document or object that a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "OUTSIDE ATTORNEYS' EYES ONLY," and a statement substantially in the following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO.
> C04-05385 JW. This envelope, containing documents that are
> filed in this case by [name of party], is not to be opened nor are the
> contents thereof to be displayed or revealed except by order of the
> Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same

is brought promptly to the Court's attention. Any party desiring to file any Outside Attorneys' Eyes Only information under seal must comply fully with the Local Rules concerning such filings, including in particular Northern District Local Rule 79-5.

9. (a) The parties shall provide, when practicable, advance notice to the Court and other parties when they intend to use Confidential Attorneys' Eyes Only information in court proceedings. Nothing in this Order shall prevent a party from using, during depositions, hearings, trial, or other proceedings held in this action, any information or materials designated as Outside Attorneys' Eyes Only.

(b) At the deposition of a third party, such third party may be shown any document or other material designated as Outside Attorneys' Eyes Only, provided that: (i) the third party authored, created, received, or knows of the document or other material; or (ii) the third party is made subject to this Order, pursuant to Paragraphs 3 and/or 4 herein.

10. The information produced by the parties pursuant to pretrial discovery in this action may be used and disclosed only for purposes of this action. No party or person shall make any other use of any such information, including, but not limited to, use for commercial, or competitive purposes or use in any other legal proceeding, except as permitted by a court order.

11. No copies of Outside Attorneys' Eyes Only information shall be made except by or on behalf of attorneys of record in this case or persons otherwise bound by this Order. Any attorneys or other persons bound by this Order who make or cause to be made copies of Outside Attorneys' Eyes Only information shall maintain all such copies within their possession or the possession of others who are entitled to access to such Outside Attorneys' Eyes Only information under this Order.

12. Nothing in this order shall be deemed to preclude any party from seeking and obtaining modifications of this Order, including, but not limited to, modifications which would provide additional protection with respect to the confidentiality of documents or other discovery materials.

13.   Nothing herein shall be construed as preventing any party from using or continuing to use any information designated as Outside Attorneys' Eyes Only under this Order if the Receiving Party, its counsel or independent consultants can show as a matter of written record that the information (a) was already known to the Receiving Party from legitimate sources, (b) was independently developed by the Receiving Party, (c) was obtained from the Producing Party without having been identified as Outside Attorneys' Eyes Only, or (d) was received after the time of disclosure hereunder from a third party having the right to make such  disclosure and was not required to be held in confidence.  Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

14.   Nothing herein shall be construed as an agreement or admission:  (a) that any information, document or the like designated as Outside Attorneys' Eyes Only is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any such information, document, testimony, or tangible object.  The parties reserve the right to make any and all objections as to the admissibility of the documents produced subject to this Order until trial of this case.

15.   A party shall not be obligated to challenge the propriety of a Outside Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the Producing Party of any information as Outside Attorneys' Eyes Only, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party shall inform the opposing party or third party in writing that the document should not be deemed confidential and shall cite this paragraph.  The party objecting to the "Outside Attorneys' Eyes Only" status of a document must present a motion to the Court objecting to such status.  On any such motion, the proponent of the "Outside Attorneys' Eyes Only" designation shall bear the burden of proof.  The

document shall continue to have such status unless and until such a motion is presented, and during the pendency of any such motion.

16.  Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as Outside Attorneys' Eyes Only, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  If the Producing Party directs the Receiving Party to destroy such Outside Attorneys' Eyes Only materials and copies, then the Receiving Party, within ten days of destroying such materials and copies, must certify in writing that it has destroyed such materials and copies, and serve said certification upon the Producing Party.

Insofar as the provisions of this and any other Protective Orders entered in this action restrict the communication and use of information produced there under, such Orders shall continue to be binding after the conclusion of this litigation except (a) that parties and/or their counsel may maintain a copy set of all pleadings and other court filings, including exhibits, (b) that there shall be no restrictions on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (c) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Protective Orders.

17.  This Order has been entered to facilitate discovery and presentation of evidence to the Court.  Neither the designation of any information, document, testimony or tangible object as Outside Attorneys' Eyes Only, nor the failure to make such designations shall constitute evidence with respect to any issue in this action.

18.  The terms of this Protective Order shall be applicable to any third party who produces information that is designated by such third party or a party hereto as Outside Attorneys' Eyes Only.

19.  This Order shall not prevent any party from applying to the Court for a further order of injunctive or other relief, and shall not preclude any party from enforcing its rights at law or in equity with respect to any information, document, or thing against any other person, including another party, believed to be violating the rights of any party.

20.  All notices or communications that are required or permitted to be given to a party under this Protective Order shall be made in writing and shall be sent to that party's counsel of record in this litigation via email, in the form of a PDF file, followed up by a confirmation copy sent via Federal Express or other overnight express delivery service.

RESPECTFULLY SUBMITTED :

Dated: December 28, 2005          IRELL & MANELLA LLP

By: _____/s/_____

Jonathan P. Steinsapir
Attorneys for Plaintiff
Agilent Technologies Inc.

Dated: December 28, 2005          AKIN GUMP STRAUSS HAUER & FELD, LLP

By: _____/s/_____

Elizabeth H. Rader
Attorneys for Defendants
Elan Microelectronics Corp. and Elan
Information Technology Group

I hereby attest, pursuant to section X of General Order 45, that concurrence in the filing of this document has been obtained from Jonathan P. Steinsapir, Esq., Attorneys for Plaintiffs Agilent Technologies Group.

Dated: December  28, 2005

By: _____/s/_____

Elizabeth H. Rader

IT IS SO ORDERED.

Dated:  1/4/06

/s/ Howard R. Lloyd
_____

~~HON. JAMES WARE~~
Howard R. Lloyd
United States ~~District~~ Judge
Magistrate

**EXHIBIT A**

## UNDERTAKING

1.   I have carefully read and understand the attached Stipulated Protective Order (the "Order") which has been entered by the United States District Court for the Northern District of California in an action captioned *Agilent Technologies, Inc.* v. *Elan Microelectronics Corp. and Elan Information Technology Group*, Case No. C 04-05385 JW. The initially capitalized terms in this Undertaking shall have the meanings supplied in the Order.

2.   Pursuant to the Order, I may be given access to Outside Attorneys' Eyes Only information in the above-referenced action. As a condition of access to that Outside Attorneys' Eyes Only information, and in consideration of that access; (a) I agree that I shall be bound by and comply with all the terms of the Order, including those limiting disclosure and use of the Outside Attorneys' Eyes Only information, and (b) I submit to the jurisdiction of the United States District Court for the Northern District of California for the enforcement of the Order.

3.   By reason of this Undertaking, the obligations imposed on me by the Order shall be enforceable by the Producing Party to redress any breach of the Order or this Undertaking.

4.   I have executed this Undertaking in duplicate on _____ whereupon it becomes binding in accordance with its terms.

5.   My current address is _____, and my current occupation/job description is as follows: _____

6.   I have no prior or current affiliation with either of the parties to this action, OR [explain any prior or current affiliation other than expert consultation in connection with this litigation]_____

_____

_____

_____

1    I declare under penalty of perjury under the laws of the United States of America that

2  the foregoing is true and correct.

3    Executed this_____ day of _____,2005 _____ in _____.

4                                                        _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

