*E-filed 10/3/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP,<br><br>Defendants. | Case No.C04-05385 JW (HRL)<br><br>**INTERIM ORDER**<br><br>Re: Docket No. 102 |

In this patent infringement action, Avago Technologies General IP Pte. Ltd. and Avago Technologies ECBU IP Ltd. allege that Elan Microelectronics Corp. ("Elan") and Elan Information Technology Group ("EITG") infringe two patents involving optical navigation technology used in computer mice.

Defendants move to compel plaintiffs and plaintiffs' predecessor Agilent Technologies, Inc. to produce documents and things in response to 29 of Elan's First Set of Requests for Documents and Things and 20 of EITG's First Set of Requests for Documents and Things. These requests for production seek documents in typical patent discovery subject areas, such as plaintiff's infringement analyses, foreign patent applications, license agreements, customer

communications, prior art, product marking, a prior lawsuit involving the same products, and damages. Plaintiffs do not seriously dispute that the subject areas are appropriate for discovery, but argue that the requests ask for too much. Defendants argue that plaintiffs offer too little. The parties did engage in a series of meet and confer sessions which resulted in a reported "agreement" with respect to some of the requests for production in issue. However, even now there is doubt in the court's mind that each side has actually "agreed" to the same thing, and although plaintiff has made some production, there is much yet to do.

The court observed from the parties' motion papers and, especially, from counsels' responses to the court's questions at the hearing, that in many instances they are unable to articulate what specific level of production is sufficient. In fact, sometimes they disagree about whether they disagree!

In addition to the request for production subject areas in dispute, defendants seek production of two specific documents: (1) a so-called draft patent application withheld on the basis of attorney-client privilege, and (2) the "Chipworks report" withheld based on the work product doctrine. The court is satisfied by the parties' meet and confer efforts on these two documents and will rule on them after its *in camera* review of the draft patent application. Plaintiff will submit this forthwith to the court.

However, with respect to defendants' other requests, the court is not satisfied with the meet and confer efforts. The parties need to do a better job of understanding the other side's positions and legitimate needs and spend less time parsing words and quibbling about linguistic nuances. Where they have reached agreement, they need to clearly tell the court exactly what the agreement is.

Accordingly, no later than October 24 lead counsel for plaintiffs and for defendants will meet in person and confer over this motion. No later than October 31 each counsel (Yitai Hu for defendants, Morgan Chu for plaintiffs) will file a declaration attesting to the efforts. At the same time, the parties will submit a supplemental report[1] describing specifically, and in detail,

---

[1] The court encourages the parties to submit a single document, but will accept one for each side so long as each uses the same format and order of presentation.

2

1 where they have reached agreement and where they have not. For every subject area still being
2 contested, each side will propose exact language the court should adopt when ruling on that
3 subject area.
4     As for the documents plaintiff has already agreed to produce, production will be
5 completed by November 3.

7 **IT IS SO ORDERED.**

9 Dated:     10/3/06



10                     HOWARD R. LLOYD
11                     UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; bwright@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:   10/3/06                                  /s/ JMM
                                         Chambers of Magistrate Judge Lloyd