*E-filed 11/13/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.<br><br>Plaintiffs,<br><br>v.<br><br>ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP,<br><br>Defendants. | Case No.C04-05385 JW (HRL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>Re: Docket Nos. 102, 104 |

In this patent infringement action, Avago Technologies General IP Pte. Ltd. and Avago Technologies ECBU IP Ltd. (collectively, "Avago") allege that Elan Microelectronics Corp. ("Elan") and Elan Information Technology Group ("EITG") (collectively, "defendants") infringe two patents ("the '780 patent" and "the '804 patent;" collectively, "the patents in suit") involving optical navigation technology used in computer mice. Defendants moved to compel plaintiffs to produce documents and things in response to 29 of Elan's First Set of Requests for Documents and Things and 20 of EITG's First Set of Requests for Documents and Things. Plaintiffs moved to compel defendants to respond to seven of Avago's predecessor's First Set of Requests for Documents and Things. This court heard the cross-motions to compel on October

3, 2006. At the hearing and during ensuing meet and confer efforts, almost all of these disputes were mooted. Only three issues remain for the court to decide: (1) whether Gary Gordon's draft patent applications are protected by attorney-client privilege; (2) whether the work-product protection applicable to the so-called "Chipworks report" has been waived; and (3) whether defendants' business, financial, and marketing planning documents related to their future optical navigation sensor products should be produced.

### 1) Draft Patent Application

Defendants challenge plaintiffs' assertion of attorney-client privilege over an invention disclosure/ draft patent application prepared by Gary Gordon, a co-inventor of the '780 patent. Plaintiffs produced documents 9-12 from their privilege log for *in camera* review for this court to determine whether the attorney-client privilege applies. An "invention record constitutes a privileged communication, as long as it is provided to an attorney 'for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding.'" *In re Spalding Sports Worldwide, Inc.*, 203 F. 3d 800, 805 (Fed. Cir. 2000) (quoting *Knogo Corp. v. United States*, 213 USPQ 936, 940 (Ct. Cl. Trial Div. 1980). Overall, the content of all four documents indicates that they satisfy this test.

Documents 9-11 are versions of the same draft patent application. They reveal an intent to convey at least the final version of this document to an in-house patent attorney. Thus, the privilege applies. *See, e.g., Advanced Cardiovascular Sys. Inc. v. C.R. Bard, Inc.*, 144 F.R.D. 372, 378 (N.D.Cal. 1992) (communications from inventor to patent lawyer, even those that are entirely technical, remain presumptively protected by the attorney-client privilege and should be ordered disclosed only on a "very compelling showing").

Document 12 consists of two pages of undated notes, apparently from Gary Gordon to file. The notes seem to be taken with an eye towards helping an attorney prosecute a valid patent, because the author suggests specific language for defensible claims. Thus, the privilege applies. Defendants' motion is DENIED as to Documents 9-12.

///

///

2

**2)   Chipworks Report**

Defendants seek disclosure of "the Chipworks report," contending that plaintiffs waived any work product protection when Mr. Brosnan, an employee of Avago, mentioned it in a declaration and used the results of the report to show compliance with Fed. R. Civ. P. 11. In the declaration, Mr. Brosnan states that the report "confirmed the presence of all the circuitry that would be expected in an infringing sensor, although an understanding of the PAN101B motion detection algorithm could not be gained by Chipworks' reverse engineering of the PixArt sensor."

The parties have not cited and the court has not found any controlling Ninth Circuit authority. Different courts have reached different results in situations presenting similar facts. The most compelling case this court read was *Harding v. Dana Transport, Inc.*, 914 F.Supp.1084 (D.N.J. 1996), where work product protection was held waived with respect to the content of an investigation of plaintiffs' allegations due to use of the results of the investigation as a defense. The court finds that work product protection has been waived as to this report, because plaintiffs revealed part of the contents of the report, and relied on it as a defense in a prior action. Mr. Brosnan did not merely confirm the existence of the report; he specified the results of the report and how those results were obtained. It would be unfair and inconsistent for plaintiffs to use the report in previous litigation and then claim work product protection for the report in later litigation. The court GRANTS defendants' motion as to the Chipworks report.

**3)   Elan's Planning Documents**

Plaintiffs move to compel production of documents responsive to Avago's Requests for Production 129 and 208.

<u>Request 129</u>: "All management and consulting reports, studies, prospectuses, correspondence, and presentation outlines relating to business, financial, or marketing planning relating to your optical navigation sensor products."

<u>Request 208</u>: "All management and consulting reports, studies, prospectuses, correspondence, and presentation outlines relating to business, financial, or marketing planning relating to the

3

1  OM01 and OM02 sensor products."

2      At the hearing, it became clear that the parties have no further dispute about these
3  requests as they pertain to the accused products (the OM01 and the OM02).  The debate is over
4  defendants' future optical navigation sensor products, currently in development.  The court finds
5  that responsive documents pertaining to this next generation of products may be relevant to the
6  scope of injunctive relief.  The court ORDERS defendants to produce all management and
7  consulting reports, studies, prospectuses, correspondence, and presentation outlines relating to
8  business, financial, or marketing planning respecting the OM01 and OM02 sensor products and
9  to the next generation of optical navigation sensor products.

11  **IT IS SO ORDERED.**



13  Dated:   11/13/06   _____
14                               HOWARD R. LLOYD
15                               UNITED STATES MAGISTRATE JUDGE

THIS SHALLL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; bwright@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:    11/13/06                           /s/  JMM
                                        Chambers of Magistrate Judge Lloyd