IRELL & MANELLA LLP
Morgan Chu (70446); mchu@irell.com
Samuel K. Lu (171969); slu@irell.com
Alan J. Heinrich (212782); aheinrich@irell.com
Jonathan P. Steinsapir (226281); jsteinsapir@irell.com
Richard E. Lyon (229288); rlyon@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs
Avago Technologies General IP PTE Ltd.
and Avago Technologies ECBU IP PTE Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP PTE LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> ELAN MICROELECTRONICS CORP., a Taiwanese corporation, and ELAN INFORMATION TECHNOLOGY GROUP, a California corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. 04-05385 JW (HRL) <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT DEFENDANTS' FINAL INVALIDITY CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-3** <br><br> **[DISCOVERY MOTION]** <br><br> Date: March 13, 2007 <br> Time: 10:00 a.m. <br> Ctrm: 2, 5th Floor <br> Judge: Hon. Howard R. Lloyd |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTUAL BACKGROUND | 3 |
| III. ARGUMENT | 3 |
|     A. Elan's Contentions Only Provide Representative Citations, Rather Than An Exhaustive List of Citations, Thereby Providing Elan With An Opportunity To Shift Its Invalidity Theories Later In The Case. | 3 |
|     B. Elan's Contentions Simply Regurgitate The Claim Language Leaving Avago To Guess How The The Cited Prior Art References Purportedly Disclose The Elements of Avago's Asserted Claims. | 8 |
|     C. Elan's Contentions Identify Literally Billions Of Possible Obviousness Combinations, Once Again Defeating The Very Purpose Of The Contentions. | 9 |
| IV. CONCLUSION | 10 |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240

- i -

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berger v. Rossignol Ski Co.*,
  2006 U.S. Dist. LEXIS 23085 (N.D. Cal. 2006) ............................................................... 1, 3

*Mehl/Biophile Int'l Corp. v. Milgraum*,
  192 F.3d 1362 (Fed. Cir. 1999) .............................................................................................. 6

*MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  Case No. C01-4925 SBA (JCS) (N.D. Cal. November 11, 2003) ........................................ 6

*Network Caching Technology LLC v. Novell Inc.*,
  2002 WL 32126128 (N.D. Cal. 2002) ............................................................................... 2, 9

*S3, Inc. v. nVidia Corp.*,
  1999 U.S. Dist. LEXIS 23218 (N.D. Cal. 1999) ................................................................... 4

**Rules**

Patent L.R. 3-1 ............................................................................................................................... 9

Patent L.R. 3-1(c) .......................................................................................................................... 3

Patent L.R. 3-3 ..................................................................................................................... 1, 3, 6

Patent L.R. 3-3(b) ...................................................................................................................... 2, 9

Patent L.R. 3-3(c) .................................................................................................................. passim

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240

- ii -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Avago Technologies General IP PTE Ltd. and Avago Technologies ECBU IP Ltd. (hereinafter collectively referred to as "Avago") shall, and hereby do, move for an order compelling Defendants Elan Microelectronics Corp. and Elan Information Technology Group (hereinafter collectively referred to as "Elan") to provide Avago with Supplemental Final Invalidity Contentions that comport with the requirements of Patent Local Rule 3-3. Avago's motion shall be heard on March 13, 2007, at 10:00 a.m., or as soon thereafter as it may be heard, in the United States District Court for the Northern District of California, in the courtroom of The Honorable Howard R. Lloyd. Avago's motion is supported by this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Richard E. Lyon, the files and records in this action, matters of which this Court may take judicial notice, and any other matters which the Court deems it appropriate to consider.

Pursuant to Local Rule 37-1(a), this motion is made following a conference of counsel where counsel for the parties attempted to resolve all disputed issues.

Dated: February 6, 2007      IRELL & MANELLA LLP

By: /s/ Richard E. Lyon
    Richard E. Lyon
    Attorneys for Plaintiff
    AVAGO TECHNOLOGIES GENERAL IP PTE
    LTD. and AVAGO TECHNOLOGIES ECBU IP
    LTD.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a patent infringement action. Avago alleges that Elan willfully infringes U.S. Patent Nos. 6,433,780 and 5,786,804 (the "patents-in-suit"). The patents-in-suit are two of a number of patents Avago holds in the field of optical navigation technology relating to computer mice. Avago is the world's leader in the manufacture, development and design of optical mouse sensors, which allow for a more precise, longer-lasting, and lower maintenance computer mouse. Avago and its predecessors – the Hewlett-Packard Company ("HP") and Agilent Technologies, Inc. – are responsible for the widespread consumer adoption of optical computer mice. Since 1999, Avago has shipped over 600 million optical mouse sensors, and today optical mice practicing Avago's patents are poised to fully replace the mechanical ball mouse. Avago continues to lead that market in the development of optical mouse sensors. Several imitators, however, have since sought to capitalize on Avago's innovations and success in the field, including Defendant Elan, whose infringing sensors are used in optical mice sold in the United States.

By this motion, Avago respectfully seeks this Court's intervention to compel Elan to supplement its Final Invalidity Contentions ("Contentions") to comply with the requirements of Patent Local Rule 3-3. The Patent Local Rules are intended to provide each party with the other party's actual "crystallized" theories of the case at an early stage of the litigation. *See, e.g., Berger v. Rossignol Ski Co.*, 2006 U.S. Dist. LEXIS 23085, *7-8 (N.D. Cal. 2006) ("The patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.") (internal citations and quotations omitted). Consistent with this purpose, Patent L.R. 3-3(c) requires Elan to provide a "chart identifying *where specifically* in each alleged item of prior art each element of each asserted claim is found." (emphasis added). Elan has disregarded both the letter and the spirit of this requirement. Elan has provided Avago with incomplete and insufficient invalidity contentions that do not disclose what Elan's actual invalidity theories are, and leave Avago guessing by design.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.

Disregarding the specificity requirement of Patent L.R. 3-3(c), Elan has provided Avago with claim charts that simply regurgitate the claim language followed by *exemplary* locations of where that element may be found.  By providing only exemplary citations for each reference, Avago is left to guess whether there are other "better" citations that Elan is reserving for motion practice or expert reports, thereby prejudicing Avago from developing its response to Elan's invalidity case at this time.  Further, by simply regurgitating the claim language without identifying any link between the claim language and the purportedly corresponding prior art passages, Elan's claim charts leave Avago to guess what that link may be.  *See Network Caching Technology LLC v. Novell Inc.*, 2002 WL 32126128 (N.D. Cal. 2002) (deeming such an approach "plainly insufficient").  Indeed, for several of the claim elements at issue, the passages that Elan cites in its claim charts appear to be wholly unrelated to the claim element and simply inserted at random, which further highlights the flaw of Elan's "plainly insufficient" approach and deprives Avago of notice as to Elan's invalidity theories.  For other claim elements, Elan eschews the Patent Local Rules altogether and fails to identify *any* corresponding language from the prior art, leaving entire sections of its claim charts blank.  Elan has also listed the combinations of prior art that it alleges render the patents in suit obvious, pursuant to Patent L.R. 3-3(b), in a manner so vague that it results in literally billions of possible prior art combinations.  Avago is left to guess which of these billions of combinations are actually part of Elan's invalidity case.

Elan has drafted its invalidity contentions in a way that maximizes Elan's ability to shift the sands of its invalidity case as the litigation proceeds.  That is exactly what the Patent Local Rules are designed to preclude.  Elan was obligated to provide Avago with its crystallized invalidity theories, not a guessing game.  Accordingly, Avago respectfully requests that Elan be ordered to supplement its Contentions with claim charts that (1) provide, for each claim element, a complete list of the specific citations in each prior art reference on which Elan intends to rely; (2) identify how the citations from the prior art correspond to the claim language beyond simply regurgitating the literal claim language; and (3) identify the actual combinations of prior art that make up Elan's obviousness invalidity theories, rather than presenting Avago with over a billion possible combinations of prior art.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 2 -

## II. FACTUAL BACKGROUND

Elan served its Contentions on October 10, 2006. Declaration of Richard E. Lyon in Support of Avago's Motion to Compel Defendants to Supplement Defendants' Final Invalidity Contentions Pursuant to Patent Local Rule 3-3 ("Lyon Decl."), Ex. 1. The Court issued a Scheduling Order on December 11, 2006 that set the deadline for expert reports (which includes expert reports regarding invalidity) for April 16, 2007. Lyon Decl., Ex. 2. On December 21, 2006, Avago sent Elan a letter that outlined the various deficiencies in Elan's Contentions and requested that Elan provide supplemental Contentions that cured these defects by January 5, 2007, so that Avago would not be prejudiced in preparing its rebuttal to Elan's invalidity case. Lyon Decl., Ex. 3. Following an exchange of several additional letters and a telephonic meet and confer, Elan stated that it would not be supplementing its Contentions in any way. Lyon Decl., Ex. 4. Avago, therefore, brings this motion to compel.

## III. ARGUMENT

### A. Elan's Contentions Only Provide Representative Prior Art Citations, Rather Than An Exhaustive List of Citations, Thereby Providing Elan With An Opportunity To Shift Its Invalidity Theories Later In The Case.

Elan's Contentions fail to provide the information required by the Patent Local Rules, and, as a result, leave Avago guessing as to the basis for Elan's invalidity case, even at this mature stage of the litigation. Patent L.R. 3-3(c) requires Elan to provide Avago with a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." This requirement is analogous to Patent L.R. 3-1(c), which requires Avago to provide Elan with "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." These claim charts are intended to provide each party with the other party's actual theory of the case early in the litigation. *See, e.g., Berger v. Rossignol Ski Co.*, 2006 U.S. Dist. LEXIS 23085, *7-8 (N.D. Cal. 2006) ("The patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.") (internal citations and quotations omitted). In accord with the Patent Local Rules, Avago timely provided Elan with detailed infringement claim charts, complete with

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 3 -

citations to the specific routines in the source code for Elan's accused sensors that meet the claim limitations. Lyon Decl., Ex. 5. In stark contrast, Elan provided Avago with plainly insufficient invalidity claim charts that do not even purport to provide more than representative citations to prior art references. Elan prefaces each citation with the qualifier "See, e.g." Lyon Decl., Ex. 1. In so doing, Elan has failed to identify "**where specifically** in each alleged item of prior art each element of each asserted claim is found." Patent L.R. 3-3(c) (emphasis added). Frustrating the purpose of the claim charts and the Patent Local Rules, Elan's approach leaves Avago guessing whether Elan has disclosed its "best" citations or whether it is reserving those citations for motion practice or its expert report.

Elan maintains that "it is not necessary to cite every single instance when we have already shown that an element or limitation is disclosed." Lyon Decl, Ex. 6. However, Elan's position betrays a fundamental misunderstanding of the purpose of the claim charts. The claim charts are not intended to show *whether* an element is disclosed; rather, the claim charts are intended to present a crystallized invalidity theory, which necessarily requires a showing of *how* and *where* the element is disclosed. *See S3, Inc. v. nVidia Corp.*, 1999 U.S. Dist. LEXIS 23218, at *94 (N.D. Cal. 1999) (The Patent Local Rules' claim charts are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.")

By only providing representative citations, Elan is deliberately and expressly leaving open the possibility that it may shift its positions later in this litigation in a summary judgment motion or expert report by citing to different citations altogether. If Elan's evasive approach to its disclosure obligations were validated, then patent infringement cases such as this "would fall prey to a vexatious shuffling of positions – a kind of musical chairs serving no purpose other than to entertain highly paid lawyers and to thwart the very intention behind the patent local rules." *S3, Inc.*, 1999 U.S. Dist. LEXIS 23218, at *94.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 4 -

Indeed, this danger is heightened in the case of Elan's claim charts, given that many of Elan's purported representative citations do not bear any relation to the claim element that they purportedly disclose. Below is a representative excerpt from one of Elan's claim charts:

| Claim Element | U.S. Patent No. 4,799,055 ("Nestler") |
|---|---|
| an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion signals are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. | Nestler teaches an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion signals are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. *See*, *e.g.*, Nestler at 6:27-30. |

Lyon Decl., Ex. 1. In the excerpt from Elan's claim chart reproduced above, Elan cites only to the following passage from the Nestler patent: "The sensors 110, 210 operate by being periodically precharged to a high state whereupon, if they are irradiated by photons, will discharge to a low state indicating a logic 0 output below a predetermined threshold." Lyon Decl., Ex. 9 (Nestler at 6:27-30). Elan maintains that this passage somehow discloses the "arithmetic comparison . . ." claim element of claim 4 of Avago's '780 patent, which the Court has construed as "a device that executes an algorithm which determines a surface shape by plotting the multiple correlation values and that blocks the transmission of motion data to the computer system if the result of the algorithm is that the surface shape is not a suitable curvature." Lyon Decl., Ex. 7. However, the passage from Nestler makes no mention, either explicitly or implicitly, of "correlation values," "curvature," "motion data," or any algorithm or structure even resembling these limitations. The passage from Nestler cited by Elan appears to have been selected at random, which only reinforces Avago's concern that Elan is withholding the actual citations on which it intends to rely in motion practice or expert reports. Indeed, Elan's chart for the Nestler patent is merely one example of a flaw found throughout Elan's claim charts.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 5 -

Elan's only response to Avago's concern regarding the uncertainty and lack of specificity of Elan's claim charts has been to inform Avago that Elan intends to serve Avago with an invalidity "motion which [Elan is] sure will be sufficiently crystallized for Avago to comprehend." Lyon Decl., Ex. 6. But Elan's statement again only heightens Avago's concern. Avago should not be forced to wait for an invalidity motion to be apprised of Elan's actual invalidity theories. Indeed, that is the very purpose of Rule 3-3 of the Patent Local Rules. The burden was on Elan to present its Contentions in a "sufficiently crystallized" form months ago. *See* Lyon Decl., Ex. 8 (Order Granting In Part And Denying In Part Plaintiff's Motion To Strike Defendants' Preliminary And Final Invalidity Contentions in *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, Case No. C01-4925 SBA (JCS) (N.D. Cal. November 11, 2003) at 8. (" If Defendant does not comply with the specificity requirements of Patent Local Rule 3-3(c) and provide specifics in their claim charts regarding how the prior art invalidates the patent, then the burden shifts to Plaintiff to discern how Defendants are planning to use each piece of prior art to invalidate the patent. The Patent Local Rule 3-3 directs Defendants to submit 'a chart identifying where <u>specifically</u> in <u>each</u> alleged item of prior art <u>each</u> element of <u>each</u> asserted claim is found.' Defendants have not complied with this instruction and their failure prejudices Plaintiff.") (emphasis original).

For the fifteen non-patent references identified in its Contentions, Elan further obfuscates its invalidity theories. In these claim charts, Elan identifies the language that purportedly discloses each claim element by citing only to page numbers or page number ranges of the references. Avago is left to guess which passage on each identified page Elan believes corresponds to a claim element. Elan has refused Avago's request that Elan supplement its claim charts by identifying "where specifically" on these pages the claim elements are purportedly disclosed. Patent L.R. 3-3(c).

In perhaps the most obvious example of Elan's disregard for its obligations under the Patent Local Rules, Elan provides no citations to the purported prior art reference whatsoever for certain claim elements in several of its claim charts. Elan has informed Avago that every reference identified in its Contentions as an anticipatory and/or obviousness reference is, in Elan's

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 6 -

view, an anticipatory reference.  Lyon Decl., Ex. 6 ("Here, we have identified references we believe are anticipating.").  Accordingly, each element of each asserted claim must be disclosed by the identified reference.  *See Mehl/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1365 (Fed. Cir. 1999) ("To anticipate, a single reference must teach every limitation of the claimed invention.").  Nevertheless, Elan's charts omit *any* citations to the prior art for certain claim elements.  For example, reproduced below is Elan's claim chart for the Schreir reference, which Elan alleges anticipates the '804 patent:

| COMPARISON OF ASSERTED CLAIM 14 OF AGILENT'S '804 PATENT TO EXEMPLARY TEACHINGS OF THE SCHREIER | |
|---|---|
| 14.  A method of controlling movement of a cursor of a video display comprising steps of: | Schreier describes controlling a cursor on a display of a computing system using a hand-held M-2 optical mouse.  Schreier at 84. |
| providing a hand-holdable device having a two-dimensional array of photosensors; | Schreier describes the M-2 optical mouse providing photodetectors.  Schreier at 84. |
| tracking movement of said device relative to a region of an environment in which said device resides, including substeps of: | Schreier teaches tracking movement of the M-2 optical mouse of a region for a surface environment.  Schreier at 84. |
| (a) periodically forming largely overlapping images of a field of view of said array; | |
| (b) storing a first image as a reference image; | |
| (c) correlating said images such that changes in location of characteristics of said region within successive images are computationally recognized; | |
| in response to said substeps (a), (b) and (c), forming a cursor-control signal that corresponds to computational recognition of said changes in location; and | Schreier teaches generating a cursor-control signal based on the detected motion.  Schreier at 84. |
| transmitting said cursor-control signal to said video display. | Schreier teaches transmitting the cursor-control signals through RS-232C connections to an IBM PC.  Schreier at 84. |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.

- 7 -

In this example, which is merely illustrative of a flaw found in a number of Elan's claim charts, Elan fails to identify corresponding language in the prior art reference for three of the eight claim limitations. Quite obviously, it is unacceptable to identify a reference as anticipating prior art and then fail to provide citations altogether for certain claim elements. In its supplemental Contentions, Elan should provide a complete list of citations, beyond general page number citations, that identify where specifically in each alleged prior art reference each element of the asserted claims is found.

### B. Elan's Contentions Simply Regurgitate The Claim Language Leaving Avago To Guess How The The Cited Prior Art References Purportedly Disclose The Elements of Avago's Asserted Claims.

Elan's claim charts are also deficient in that they provide little information beyond the claim language itself, once again defeating the very purpose of the claim charts. For ease of reference, reproduced below is the same representative excerpt from Elan's claim charts appearing in the previous section of this brief:

| Claim Element | U.S. Patent No. 4,799,055 ("Nestler") |
|---|---|
| an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion signals are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. | Nestler teaches an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion signals are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. *See*, *e.g.*, Nestler at 6:27-30. |

Lyon Decl., Ex. 1. Elan presents nearly every element of every claim chart in precisely this manner – that is, simply regurgitating the claim language followed by a representative citation. *Id*. Elan fails to identify any link between the claim element and the citation from the prior art reference that purportedly discloses the claim element.

Bare-bones claim charts that regurgitate the claim language and fail to link that claim language to the purportedly corresponding prior art passage fall well short of the standard set forth

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 8 -

in the Patent Local Rules. In *Network Caching Technology LLC v. Novell Inc.*, 2002 WL 32126128 (N.D. Cal. 2002), where the court addressed the analogous requirement for claim charts accompanying infringement contentions under Patent Local Rule 3-1, the court stated:

> [In its claim chart, Plaintiff] provides no link between the quoted passages and the infringement contention that simply mimics the language of the claim. The court sees no specific link. For example, [Plaintiff] provides no explanation of how the proxies described in the literature map onto the claim language. Nor does [Plaintiff] describe how "couple cluster technology" is relevant. **In essence, [Plaintiff] has provided no further information to defendants than the claim language itself. This is plainly insufficient**.

*Id.* at *6 (emphasis added). Elan's claim charts present its positions in precisely the same way deemed deficient in *Network Caching*. By failing to set forth the connection between the cited prior art passages and the purportedly corresponding claim elements, Elan has forced Avago to guess what these connections may be. Elan's approach flies in the face of the very purpose of the Patent Local Rules, which was to eliminate such guesswork early in the litigation. And, as explained earlier, Avago's guesswork is made more difficult by the randomness of many of Elan's citations, which appear to lack any connection whatsoever to the claim elements to which they purport to correspond. Elan must identify the connection between the citations and the claim elements to apprise Avago of Elan's actual invalidity theories.

### C. Elan's Contentions Identify Literally Billions Of Possible Obviousness Combinations, Once Again Defeating The Very Purpose Of The Contentions.

In Elan's identification of prior art combinations that it contends render the claims obvious, Elan appears to go out of its way to avoid disclosing its actual invalidity theories. Patent L.R. 3-3(b) states, "If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." Instead of identifying particular combinations of prior art, Elan groups together references in an approach that results in literally billions of different possible combinations, once again defeating the very purpose of the Patent Local Rules. For example, in its Contentions, Elan identifies as one group of possible combinations: "Lyon I, Lyon II, Tanner I, Tanner II, Tanner III, Jackson, Williams, Zalenski,

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.

- 9 -

Nestler, Victor, Adan, Bishop, Arreguit and/or Schrier in combination with Allen I, Allen II, Stumpf, Morris, Ertel, Blalock, Little, Koch, Gottardi, Barron, Watkinson, Beauchemin, Szeliski, Barron, Yang and/or Chornoboy." Lyon Decl., Ex. 1 (Contentions at 8). Thus, in just this one example, the identified combination consists of anywhere between 1 and 14 references combined with anywhere between 1 and 16 other references. Indeed, this results in 1,073,659,905 possible combinations. Presenting Avago with over a billion possible obviousness theories hardly qualifies as Elan's theory of the case, and Avago cannot reasonably form responsive validity arguments to the billions of potential combinations that may or may not be part of Elan's actual theories of invalidity. Elan should be required to identify with specificity, and without grouping references with uncertain conjunctions like "and/or," the actual combinations of prior art that it contend render the claims obvious.

## IV. CONCLUSION

For the reasons stated herein, Avago respectfully requests that the Court order Elan to supplement its Contentions with claim charts that (1) provide, for each claim element, a complete list of the specific citations in each prior art reference on which Elan intends to rely; (2) identify how the citations from the prior art correspond to the claim language beyond simply regurgitating the literal claim language; and (3) identify the actual combinations of prior art that make up Elan's obviousness invalidity theories, rather than presenting Avago with over a billion possible combinations of prior art.

Dated: February 6, 2007           IRELL & MANELLA LLP

By: /s/ Richard E. Lyon
    Richard E. Lyon
    Attorneys for Plaintiff
    AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

MOTION TO COMPEL
1637240.
- 10 -