*E-filed 3/20/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD. <br><br> Plaintiffs, <br><br> v. <br><br> ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP, <br><br> Defendants. | Case No. C04-05385 RMW (HRL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** <br><br> Re: Docket No. 161 |

In this patent infringement action, Avago Technologies General IP Pte. Ltd. and Avago Technologies ECBU IP Ltd. (collectively, "Avago" or "plaintiffs") allege that Elan Microelectronics Corp. and Elan Information Technology Group (collectively, "Elan" or "defendants") infringe two patents ("the '780 patent" and "the '804 patent;" collectively, "the patents in suit") involving optical navigation technology used in computer mice. Defendants' accused products are the "OM01" and "OM02" optical mouse sensors.

There are two parts to this motion. First, there is the issue of waiver of attorney-client privilege with respect to communications between Elan and its trial counsel, Akin Gump. Second, there is the question of several communications between Elan and third parties, and whether or not these are privileged under the common interest doctrine.

**A.     Trial Counsel Communications**

First, Avago complains that Elan has refused to produce communications between Elan and its litigation counsel, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), relating to Elan's infringement or non-infringement of the patents in suit. As part of a defense to willful patent infringement, Elan intends to rely on non-infringement opinions of counsel. Outside counsel (Michael Bednarek of Shaw Pittman LLC) produced a non-infringement opinion concerning the '804 patent on March 31, 2005, and one for the '780 patent on May 24, 2005. Avago argues that Elan has waived attorney-client privilege and work product immunity over all communications to or from Elan relating to Elan's infringement or non-infringement of the patents in suit, as well as any work product immunity over all documents that reference such communications, no matter which law firm produced the communications or when.[1] Elan contends that its waiver of privilege was far narrower than that described by Avago.

Federal Circuit law applies to this discovery dispute, because "substantive patent law" is implicated. *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001). The Federal Circuit has recently granted *en banc* review of the issue of whether an allegedly infringing defendant who asserts an advice of counsel defense waives privileged communications with its trial counsel. *In re Seagate Technology*, 2007 WL 196403 (Fed. Cir. Jan 26, 2007). Avago therefore proposes that for now the court merely order Elan to log its relevant communications with Akin Gump, rather than fully producing them to Avago.

It is appropriate to defer decision on this issue until the Federal Circuit rules on *In re Seagate*. The court declines to order Elan to produce a privilege log now. At this point, that task would be unduly burdensome. Avago's motion is therefore DENIED without prejudice. If the parties cannot work the question out once *In re Seagate* is resolved, they can come back to the court.

//

//

---

[1] Early in the discovery phase, the parties agreed that neither would log the communications between the parties and their litigation counsel for dates after the commencement of the lawsuit.

2

**B.      Third Party Communications**

Avago asserts that Elan has refused to produce certain communications with its technology development partners, including Peripheral Imaging Corporation ("PIC") and Leahsin Technologies.  Avago urges the court to compel production of all such communications, including Elan Privilege Log entries 69, 121, 125-26, 209, and 218-19.  Elan asserts a joint defense/ common interest privilege over these communications.

**1.      Communications with Leahsin**

Elan cooperated with Leahsin to develop lighting and lens components of optical mice.  Elan contends that the privilege in documents 209, 218, and 219 "arose from the attorney-client relationship between Leahsin and its attorneys."  Elan reasons that Leahsin and Elan had a common interest in designing and marketing optical mouse components that would not infringe Avago's patents.  Thus, when Leahsin shared its legal analyses with Elan, it did not waive its privilege.  Furthermore, Elan contends that it cannot waive any privilege of Leahsin's, citing cases for the rule that the joint defense privilege cannot be waived without the consent of all parties to the defense.

The parties overlook the fact that the attorney-client privilege is personal and can only be asserted by the holder of the privilege, which is the client.  Thus, Elan has no standing to assert, in this action, a privilege between Leahsin and Leahsin's attorneys.  *See, e.g., United States v. Dellacroce*, 625 F.Supp. 1387, 1394 (E.D.N.Y. 1986); *United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988) (overruled on other grounds); *Compulit v. Banctec, Inc.*, 177 F.R.D. 410, 412 (W.D.Mich. 1997); *Sobol v. E.P. Dutton, Inc.*, 112 F.R.D. 99, 103 (S.D.N.Y. 1986).  An attorney or other representative of a client can claim the attorney-client privilege on the client's behalf, but Elan is in no sense the representative of Leahsin.  Finally, Leahsin could have sought to intervene pursuant to Fed.R.Civ.P. 24(a) in order to protect any privilege it wishes to assert in these documents, but it did not.  Avago's motion is GRANTED as to documents 209, 218, and 219.

//

//

### 2. Communications with PIC and Chinlee Wang

Avago moves to compel Elan to produce all communications on the subject of infringement with Chinlee Wang of PIC, including documents 69, 121, 125, and 126 from Elan's privilege log. Wang worked closely with Elan as the lead designer on the source code projects for Elan's OM01 and OM02 sensors. He also worked closely with Elan's outside counsel when the outside counsel was investigating possible infringement to prepare his opinion letter for Elan. Privilege log entries 121 and 126 are emails from Wang to Elan employees transmitting a non-infringement letter created by PIC's counsel, Keith Kline of the Kline Law Firm. The introduction section of each email has been redacted. Document 125[2] is an email from Elan in-house counsel to an Elan employee forwarding a translation of the Kline letter. A substantial section of that email has been redacted as well. Elan lumps 121, 125, and 126 together in its opposition papers, calling them "e-mails between Chinlee Wang and Elan transmitting the Kline non-infringement letter." The privilege log entries are identical for these three documents: "Email communications -- redacted materials concern third-party PIC's privileged communications." Document 69 also appears to be an email relating to PIC's own patent analyses. Elan argues that these documents are either irrelevant or subject to the common interest/joint defense privilege.

The court first addresses the relevance objection. It appears that some portion of privilege log entry 69 may pertain to Avago patents other than the patents-in-suit. The court ORDERS Elan to submit this document for *in camera* review, along with narrowly crafted proposed redactions for relevance, by March 30, 2007. The court will issue a supplemental order on the proposed redactions.

//

---

[2] Document 125 is not, as implied by the parties in their briefs, an email involving Wang as either a recipient or a sender. The privilege log indicates that the sender and recipient were both Elan employees. Apparently, however, the content of the redacted portion is analogous to the other documents discussed in this section. Any advantage Elan might have been able to gain from the internal nature of this document has been waived because Elan did not argue for such an advantage, and the party asserting any privilege has the burden of proving it.

4

As for privilege, Elan fails to carry its burden of proof. Elan first fails to show that the redacted portions of documents 69, 121, 125, and 126 were transmitted in confidence for the purpose of seeking legal advice. "Of course, to assert the common interest doctrine as a shield to production, the parties asserting it must first establish that the underlying documents or communications withheld were otherwise privileged before the common interest arose." *Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 273-74 (N.D.Ill. 2004).

Next, Elan makes no effort to show that Elan and PIC had a legally sufficient common interest. Elan does not cite the leading case in the Federal Circuit on the joint defense/common interest privilege, or attempt to show that its standards are met. Simply working together with another company on a patent does not guarantee that the common interest exception to waiver will apply. *See In re Regents of University of California*, 101 F.3d 1386 (Fed. Cir. 1996).

Finally, Elan claims it cannot waive a privilege held by PIC, and cites several cases for the proposition that the joint defense privilege cannot be waived without the consent of all parties to the defense. This argument is misplaced, because Avago is not seeking to use Elan's waiver against PIC or Wang. Any waiver by Elan is only being asserted to Elan's own detriment. Avago's motion is GRANTED as to documents 121, 125, and 126.

### 3. Other Third Party Communications

Avago's motion is broader than the specific documents discussed above. Avago moves to compel Elan to produce a complete privilege log and to produce all communications with third parties relating to the infringement or non-infringement of the patents-in-suit. At the hearing, Elan represented that its privilege log was complete in that it has either logged or produced all documents responsive to Avago's requests. Elan also represented that all privilege log entries that relate to the patents-in-suit say so explicitly. Therefore, it appears that Avago already knows all pertinent third-party entries on Elan's privilege log, and this issue is moot.

**IT IS SO ORDERED.**

Dated: 3/20/07

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; CMcEntee@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 3/20/07

    /s/  JMM
Chambers of Magistrate Judge Lloyd