***E-FILED ON 3/28/2007*** 

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP PTE LTD.,<br><br>  Plaintiffs,<br>   v.<br><br>ELAN MICROELECTRONICS CORP., and ELAN INFORMATION TECHNOLOGY,<br><br>  Defendants.<br>_____/ | No. C04-05385 JW (HRL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' FINAL INVALIDITY CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-3**<br><br>**[Re: Docket No. 156]** |

In this patent infringement action, Avago Technologies General IP Pte. Ltd. and Avago Technologies ECBU IP Ltd. (collectively, "Avago" or "plaintiffs") allege that Elan Microelectronics Corp. and Elan Information Technology Group (collectively, "Elan" or "defendants") infringe two patents ("the '780 patent" and "the '804 patent;" collectively, "the patents in suit") involving optical navigation technology used in computer mice. Defendants' accused products are the "OM01" and "OM02" optical mouse sensors.

Avago moves to compel Elan to supplement Elan's Final Invalidity Contentions ("Contentions") to comply with the requirements of Patent Local Rule 3-3.

# I. LEGAL STANDARD

The Northern District of California has adopted a comprehensive set of Patent Local Rules governing patent litigation. *Fresenius Med. Care Holdings. Inc. v. Baxter Int'l, Inc.*, No. C03-1431 SBA, 2006 WL 1329997 *4 (N.D.Cal.). In general, the Local Rules exist to further the goal of full and timely discovery and to provide all parties with adequate notice and information with which to litigate their cases. *Ixys Corp. v. Advanced Power Tech. Inc*., No. C02-03942 MHP, 2004 WL 1368860 *3 (N.D.Cal.). The Rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Atmel Corp. v. Info. Storage Devices Inc*., No. C95-1987 FMS, 1998 WL 775115 *2 (N.D.Cal.). Accordingly, the parties are required to disclose preliminary infringement contentions and preliminary invalidity contentions, and produce documents at the onset of litigation. Patent L.R. 3-1 to 3-4.

Patent Local Rule 3-3 provides that Preliminary Invalidity Contentions must contain, inter alia, the following information:

> (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. . .;
> (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;
> (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. . .

Additionally, Preliminary Invalidity Contentions are deemed to be the party's final contentions as submitted or if properly amended in accordance with Patent Local Rules 3-6 and 3-7.

# II. DISCUSSION

Avago moves to compel Elan to supplement its Final Invalidity Contentions to comply with the requirements of Patent Local Rule 3-3. Plaintiffs request that this Court order Elan to supplement its Contentions with claim charts that (1) provide, for each claim element, a complete list of specific citations in each prior art reference on which Elan intends to rely; (2) identify how the citations from the prior art correspond to the claim language beyond simply regurgitating the literal claim language; and (3) identify

2

the actual combinations of prior art that make up Elan's obviousness invalidity theories, rather than presenting Avago with more than a billion combinations of prior art.

### A. Compliance with Patent L.R. 3-3(c)

Avago contends that Elan has only provided examples of prior art references, thus deliberately and expressly opening the possibility that Elan may shift its position later in this litigation in a summary judgment motion or expert report by citing to different references altogether. Avago points to the use of the signal *"see, e.g."* and argues that this fails to identify "where specifically in each alleged item of prior art each element of each asserted claim is found." Patent L.R. 3-3(c). Plaintiffs provide an example from one of Elan's claim charts:

| Claim Element | U.S. Patent No. 4,799,055 ("Nestler") |
|---|---|
| an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion singles are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. | Nestler teaches an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion signals are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. *See, e.g.*, Nestler at 6:27-30. |

Avago's objection to Elan's use of "*see, e.g.*" in its claim charts is unpersuasive. Courts have found claim charts sufficient where the charts contain written descriptions of each element of each asserted claim found in the particular prior art reference. *See MEMC Elec. Materials, Inc. v. Mitusbishi Materials Silicon Corp.*, No. C01-4925 SBA, 2006 WL 463525 *23 (N.D.Cal). In *MEMC Elec. Materials,* the court found that a submission of publications which provided a comprehensive comparison of each element of each asserted claim was sufficiently specific. *Id.* The court also accepted another example in the claim chart that incorporated a description of the reference from the attached submission of publications. *Id.* It also decided that references to testimony of experts who purportedly compared each element of each asserted claim with the specific items of prior art were adequate. *Id.* Here, Elan's claim charts provide Avago with

3

1  ample notice as to how Elan contends that each element of each asserted claim is found
2  in the particular prior art reference. Overall, the claim charts have acceptable written
3  description with figures and page numbers corresponding to each element of each
4  asserted claim. Furthermore, at oral argument, Elan represented that the exemplar given
5  with the signal is the prior art reference that will be relied upon for the proposition stated
6  in its Contentions. In light of the claim charts' adequacy and Elan's representation, the
7  Court finds the citations acceptable.

Avago further contends that Elan neglects to refer to specific passages for the non-patent references listed, citing only to page numbers and leaving the plaintiffs to guess which passages corresponds to a claim element, and thus, failing to identify "where specifically in each alleged item of prior art each element of each asserted claim is found." Patent L.R. 3-3(c). The Court concludes that page numbers are satisfactory, where the claim charts provide ample notice of the contentions pertaining to each element of the asserted claims.

Next, Avago argues that "bare bones" claim charts that regurgitate the claim language and fail to further link that claim language to the purportedly corresponding prior art passage fall well short of the standard of specificity required by the Patent Local Rules.

| Claim Element | U.S. Patent No. 4,799,055 ("Nestler") |
|---|---|
| an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion singles are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. | Nestler teaches an arithmetic comparison mechanism coupled to the plurality of correlation values, and wherein the motion signals are not output to the computer system whenever a correlation surface described by the plurality of correlation values fails to exhibit a selected curvature. *See, e.g.*, Nestler at 6:27-30. |

Plaintiffs contend that this is "plainly insufficient." *See Network Caching Tech., LLC. v. Novell, Inc.*, No. C01-2079 VRW, 2002 WL 32126128 *6 (N.D.Cal.)("NCT"). However, the court in *NCT* dealt with preliminary *infringement* contentions in the context of a

4

potential violation of FED. R. CIV. P. 11.[1] Here, in providing *invalidity* contentions under the Patent Local Rules, Elan has provided Avago with adequate claim charts and the corresponding page references of the prior art that relate to the elements of the asserted claims. The charts identify specifically in each prior art reference the pages corresponding to the element of each asserted claim in accordance with 3-3(c), and the Patent Local Rules do not require anything beyond what Elan has already provided. Also, the NCT court was concerned with FED. R. CIV. P. 11 which is not at issue here. Therefore, the Court finds that Elan has sufficiently identified where specifically in each alleged item of prior art each element of each asserted claim is found, complying with Patent Local Rule 3-3(c).

Lastly, Avago's concerns regarding shifting invalidity contentions are unfounded. Patent Local Rules 3-6 and 3-7 provide for timely amendments in good faith or otherwise by the order of Court. Therefore, defendants will not be able to shift their theories without proper notice or without the Court deeming the amendment non-prejudicial. Here, Elan has provided the plaintiffs with a list of prior art references along with specific claim charts that show what theories the defendants will be asserting.

**B.    Compliance with Patent Local Rule 3-3(b)**

Avago alleges that Elan fails to specify whether each item of prior art renders an asserted claim obvious or anticipating. Patent L.R. 3-3(b).[2] Avago points to claim charts that contain blanks where Elan fails to provide corresponding prior art references for all

---

[1] NCT's Preliminary Infringement Contentions did not demonstrate that NCT performed adequate pre-filing investigations by making reasonable inquiries into the applicable facts and law in accordance to FED.R.CIV.P. 11. *NCT*, 2002 WL 321126128 at *4. Rather, the Court found that NCT provided no link between the quoted passages and the infringement contentions that simply mimicked the language of the claim. *Id.* at *6.

[2] To anticipate a claim for a patent, a single source must contain all its elements. *See* DONALD S. CHISUM, CHISUM ON PATENTS § 3.02 (2006). To render a patent obvious, the invention must have been obvious to one with ordinary skill in the art to which the subject matter of the invention pertains at the time of the invention and in the light of the teachings of the prior art. *See id.* at § 5.01. Under present law, there must be a showing of a suggestion or motivation to modify or combine the teachings of prior art to the claimed invention in order to support the obviousness contention. *See SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349 (Fed. Cir. 2000).

5

of the elements of the asserted claims. Therefore, Avago contends that those prior art references cannot be anticipating because they do not go to all the elements of the claim. The Court assumes that a prior art reference that does not anticipate by going to all the elements of a claim will be used for Elan's obviousness contentions. However, if the Court is in error in making this assumption, Elan shall immediately amend its Contentions to address this point.

Next, Avago argues that instead of identifying particular combinations of prior art following Patent Local Rule 3-3(b), Elan groups together references in an approach that results in literally billions of different possible combinations.[3] Contrarily, Elan explains that it has organized prior art references that disclose the same claim element into two groups: *e.g.*, one group identifying motivations to combine optical mouse cursor control devices and the other group disclosing image correlation techniques. Elan represents that its theory of obviousness is the same for each and every possible combinations of the two groups. The Court is satisfied that Elan reasonably specifies the combination of prior art references that allegedly render Avago's patents obvious. Therefore, Elan has complied with Patent Local Rule 3-3(b).

### III. ORDER

Based on the foregoing, it is ordered that Plaintiffs' Motion to Compel is DENIED.

Dated: March 27, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] For example, Avago objects to the following combinations of prior art:

Lyon I, Lyon II, Tanner I, Tanner II, Tanner III, Jackson, Williams, Zalenski, Nestler, Victor, Adan, Bishop, Arreguit and or Shreier in combination with Allen I, Allen II, Stumpf, Morris, Ertel, Blalock, Little, Koch, Gottardi, Barron, Watkinson, Beauchemin, Szleiski, Barron, Yang and/or Chornoboy.

Avago claims that there are 1,073,659,905 possible combinations relating to the above mentioned list of references.

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:**

Morgan Chu     mchu@irell.com

Hsin-Yi Cindy Feng     cfeng@akingump.com

Alan J. Heinrich     aheinrich@irell.com

Yitai Hu     yhu@akingump.com

Sang Hui Michael Kim     mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu     slu@irell.com

Richard Elgar Lyon , III     rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; CMcEntee@irell.com; rick.lyon@gmail.com

Gary C. Ma     gma@akingump.com

David Craig McPhie     dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader     erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir     jsteinsapir@irell.com

**\* Counsel are responsible for providing copies of this order to co-counsel.**