*E-FILED 4/17/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP,<br><br>Defendants. | Case No. C04-05385 JW (HRL)<br><br>**ORDER DENYING ELAN'S MOTION TO COMPEL**<br><br>Re: Docket No. 186 |

This is a patent infringement action involving sensors used in optical computer mice. Defendants ("Elan") move to compel plaintiffs ("Avago") to produce witnesses in response to Elan's Notices of Deposition to Liang & Associates, Chun-ing Liu, Chiawen Yang, Shuhsiao Li, and Shuchuan Luo. Avago opposes the motion, and a hearing was held on April 17, 2007.

BACKGROUND

In 2005, Avago represented to Elan's counsel that it could not produce specific infringement contentions (required by Patent Local Rule 3-1) concerning the motion detection algorithm elements of Elan's products without examining the source code implemented by Elan's optical mouse sensors. Exhibit 3 to Declaration of Gary C. Ma in Support of Elan's Motion to Compel ("Ma Decl."). Avago stated that an understanding of the motion detection

1  algorithm could not be gained through the reverse engineering process alone. *Id.* The source
2  code was not in Elan's possession; rather, it was property of third party AMI Semiconductor,
3  Inc ("AMI").  Avago therefore subpoenaed the source code from AMI, and AMI produced it
4  pursuant to the "Outside Attorneys' Eyes Only" provision of the stipulated protective order
5  entered by this court.

6  Avago has also sued Elan in Taiwan for infringement of a Taiwanese patent similar to
7  one of the patents Avago asserts in this action.  The same Elan products are at issue in the
8  American and Taiwanese cases.  The Taiwan law firm of Liang & Associates ("L & A") is
9  Avago's outside counsel in the Taiwan action.  L & A commissioned China Industrial &
10 Commercial Research Institute ("CICRI") to conduct infringement analyses of Elan's products.
11 CICRI's report finding infringement was submitted to the Taiwanese court in support of Avago's
12 infringement claim.  Significantly for purposes of this motion, CICRI did not purport to need or
13 rely on any Elan product source code to come to its conclusions.  Elan now alleges that Avago
14 must have improperly provided the source code, obtained in this action subject to a strict
15 protective order, to CICRI for analysis in the Taiwan action.

16 Wanting to know more about Avago's testing of Elan's products, including CICRI's
17 analysis, Elan served document requests and interrogatories but was unsatisfied with Avago's
18 response.  Elan then tried another approach, serving Avago with five Notices of Deposition
19 pursuant to which Elan purported to notice the deposition of L & A and four L & A attorneys
20 (Chun-ing Liu, Chiawen Yang, Shuhsiao Li, and Shuchuan Luo) in Taipei.  Avago objected,
21 contending *inter alia* that L & A and its attorneys are third parties and therefore any depositions
22 would have to be pursuant to subpoenas, rather than mere Notices of Deposition under Federal
23 Rule of Civil Procedure 30.  Elan then brought this motion to compel the five depositions.  In
24 the alternative, should the L & A witnesses refuse to testify voluntarily, Elan requests that the
25 court draw the adverse inference that Avago breached the protective order in this action, and
26 preclude Avago from using the CICRI report or related documents in this action.
27 //
28 //

2

DISCUSSION

Elan argues that Avago ought to produce L & A attorneys to testify about the CICRI testing because Avago has "control" over them. However, Avago accurately argues that the test is not "control," but whether the L & A attorneys are officers, directors, or managing agents of Avago. Only such high-ranking employees can be compelled to appear pursuant to a mere Rule 30 deposition notice. See 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE § 2103 (2d ed. 1994). Elan does not even attempt to argue that L & A or the individual L & A attorneys fit into this category.

Because L & A and the individual attorneys are not representatives of Avago for purposes of Rule 30, Elan must treat them as ordinary third parties. To obtain their presence at a deposition, Elan would have to serve Rule 45 subpoenas or other compulsory process. As residents of a foreign nation that is not a signatory to the Hague Convention, the appropriate method is the letter rogatory, which is processed through diplomatic channels. FED. R. CIV. P. 28(b). Elan complains about the delay inherent in the letter rogatory process, but these complaints do not change the underlying truth that Elan has sought to employ inappropriate processes to obtain these depositions and has refused to undertake the sole appropriate process.

Elan admits as much in its reply brief, where it agrees that "normally, third parties who reside in foreign countries, such as Taiwan, are beyond the subpoena power and not subject to the Court's jurisdiction." Elan then attempts to change the relief sought by its motion, arguing that the court can and should order Avago to provide a witness to testify about "the entirety of Avago's knowledge about the structure and operation of Elan's accused products, including any testing or analysis relied on in the Taiwan litigation." Asking Avago to produce a witness of its choosing, presumably pursuant to Rule 30(b)(6), is not the same as asking it to produce specific individuals (let alone specific foreign attorneys). The impropriety of raising new issues in reply briefing is well settled. See, e.g., *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308, n. 5 (N.D. Cal. 2005). The court expresses no opinion about whether a Rule 30(b)(6) deposition on the suggested topic would be merited, as the issue has not been fully briefed.

1 | Elan's motion is DENIED.
2 |
3 | **IT IS SO ORDERED.**
4 | Dated: 4/17/07



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; CMcEntee@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:   4/17/07

    /s/  JMM
Chambers of Magistrate Judge Lloyd