*E-filed 5/15/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.<br><br>Plaintiffs,<br>v.<br><br>ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP,<br><br>Defendants. | Case No. C04-05385 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ELAN'S MOTION TO COMPEL DEPOSITIONS PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>Re: Docket No. 209 |

In this patent infringement action, Avago Technologies General IP Pte. Ltd. and Avago Technologies ECBU IP Ltd. (collectively, "Avago") allege that Elan Microelectronics Corp. and Elan Information Technology Group (collectively, "Elan") infringe two patents ("the '780 patent" and "the '804 patent;" collectively, "the patents in suit") involving optical navigation technology used in computer mice.

Avago has also sued Elan in Taiwan for infringement of a Taiwanese patent similar to one of the patents Avago asserts in this action. The same Elan products are at issue in the American and Taiwanese cases. Avago's outside counsel in the Taiwan action commissioned China Industrial & Commercial Research Institute ("CICRI") to conduct infringement analyses of Elan's products. CICRI's report finding infringement was submitted to the Taiwanese court

in support of Avago's infringement claim.

This court recently denied Elan's motion to compel Avago to produce its Taiwan outside counsel to testify about the CICRI testing.

Elan served First and Second Notices of Deposition pursuant to 30(b)(6) in February 2007. Avago said it would refuse to produce a witness on some of the 30(b)(6) topics. When meet and confer efforts failed to entirely resolve the dispute, Elan filed this motion to compel. The motion concerns Topics 1-6 of the First Notice and 18 and 24-29 of the Second Notice.

**A.   Topics 1-6: Testing**

Topic 1 relates to all testing Avago has conducted of any accused product (whether in this country or elsewhere) and Topics 2-6 relate only to testing in Taiwan and testing conducted by CICRI.[1] Avago has refused to produce a witness on Topic 1 to the extent it "relates to infringement analysis/testing under any patents other than the asserted United States Patents that are the subject of this action." Avago has refused to provide any witness for Topics 2-6. Avago has already produced to Elan the actual reports produced by CICRI.

---

[1]   Topic 1: "All investigations, testing, examination, or analysis Avago has done concerning any accused product, including without limitation, the dates when conducted, the method and process used, the person(s) or entity(ies) that participated in or conducted the testing, the information provided to those person(s) or entity(ies), the results, and the documents generated as a result of the investigations, testing, examination, or analysis."
Topic 2: "All investigations, testing, and analysis conducted by or on behalf of Avago, in preparation of Avago's filing of an action against Elan in Taiwan for alleged infringement of Taiwan Patent No. 207503, including without limitation, detailed description of any such investigation, testing, and analysis, an identification and description of all documents and information used, an identification of all persons involved, and the date(s) and locations(s) of such testing."
Topic 3: "All investigations, testing, and analysis on Elan Products conducted by China Industrial & Commercial Research Institute ("CICR"), including without limitation, detailed description of any such investigation, testing, and analysis, an identification and description of all documents and information used, an identification of all persons involved, and the date(s) and location(s) of such testing."
Topic 4: "All communications between CICR and Avago concerning any review, evaluation, testing and/or analysis of Elan Products or any optical mouse product that includes any of the Elan Products."
Topic 5: "The facts and circumstances surrounding the retention of CICR concerning any review, evaluation, testing and/or analysis of any of the Elan Products or any optical mouse product that includes any of the Elan Products."
Topic 6: "Identification of all communications with any person in Taiwan concerning any review, evaluation, testing and/or analysis of any of the Elan Products or any optical mouse product that includes any of the Elan Products."

Elan argues that these topics are relevant to the American lawsuit because (1) the testing may reveal inconsistencies between Avago's allegations about Elan's products in this case and its allegations in the Taiwan suit and (2) the CICRI testing concerned how Elan's optical sensor products track movement, a technical issue that is also central to Avago's infringement allegations in this case.

Avago argues that the Taiwan/CICRI testing is irrelevant to this action. It characterizes the issues as solely relating to third-party testing under a foreign patent for purposes of a foreign lawsuit.[2]

The court concludes that Topics 2-6 and the disputed portion of Topic 1 relate to subject matter too remote from this action to justify discovery. Elan already has the CICRI reports themselves, as well as some communications between CICRI and Avago's Taiwan counsel. Any connection between the Taiwan testing and this action is simply too attenuated to require that Avago do anything more. Moreover, counsel for Avago have represented that there were no further communications directly between Avago and CICRI, and that there are no other responsive documents in Avago's possession. This aspect of the motion is DENIED.

**B.     Topic 18: Patent Marking**

Topic 18 requests "Avago's policy of marking the patent number of any patent owned by, assigned to, or licensed to Avago on any of its documentation or products."

The reasonableness of a patent-holder's efforts to mark his patents is relevant to whether an accused infringer had notice of asserted patents. Avago has agreed to produce a witness on its marking efforts with respect to the patents in suit and on all marking of the patents in suit on Avago's products, but refuses to produce a witness in response to Topic 18, which seeks any general policy Avago may have about patent marking. At the hearing, Avago stated that it would be producing a witness about the marking of patents on all of Avago's optical mouse products, and that the witness would be prepared to discuss any general policy concerning

---

[2] Avago repeatedly asserts that Elan is only trying to get this testimony to use it in the Taiwan case. Elan responds that it could not do so, given the protective order which limits use of discovery to this action.

3

1  patent marking as it applies to optical mice. Thus Avago has conceded the essence of this
2  discovery request, and this aspect of the motion is moot.

**C.     Topics 24-28: Conception and Reduction to Practice**

These topics pertain to basic facts about the development of Avago's patents in suit (and the "flying mouse," which apparently was in development at Avago at the same time as the patents in suit).[3] Elan has already taken the depositions of the named inventors of the patents in suit, but now seeks Avago's corporate testimony. Elan asks the court to compel Avago to produce witnesses for Topics 24-28 or affirm under penalty of perjury that it has no further knowledge or documents relevant to these topics. In the alternative, Elan wants Avago to be precluded from calling any witnesses to testify at trial about these topics.

Avago complains that these topics are overbroad and that Elan has already taken extensive discovery on these topics. Avago proposed that Elan accept co-inventor Jason Hartlove's deposition testimony as Avago's 30(b)(6) testimony. But Elan wanted all of the inventors' testimony to be adopted, along with a declaration that Avago had no further

---

[3]     Topic 24: "Facts and circumstances regarding the conception of the alleged inventions claimed in the Patents-in-Suit, including without limitation, the date on which the alleged invention of each assorted claim of the patents-in-suit was first conceived; the identity of all persons who contributed to the conception; the contribution of each such person; the identity of each person who can corroborate the date of conception; the identity of all documents that refer to, relate to, or corroborate the conception; and all facts and circumstances relating to such conception."
Topic 25: "Facts and circumstances regarding the reduction to practice of the alleged inventions claimed in the Patents-in-Suit, including without limitation, the date on which the alleged invention of each assorted claim of the patents-in-suit was first actually reduced to practice; the identity of all persons who participated in or can corroborate the first reduction to practice; the identity of all documents that refer, relate to, or corroborate the first actual reduction to practice; and all facts and circumstances relating to such first reduction to practice."
Topic 26: "With respect to each patent-in-suit, the knowledge of Avago and the named inventor(s) relating to the prior art."
Topic 27: "The date and circumstances of the first sale, first offer for sale, first disclosure or demonstration, or first use in the presence of anyone of the subject matter disclosed or claimed in any of the Patents-in-Suit (including Avago Products); as well as identification of all documents relating to or evidencing such facts or circumstances. (break this down to separate topics: (1) date the subject matter of the patents in suit was sampled/offered for sale/sold (2) date the subject matter of the patents in suit was published, presented outside of Avago and/or disclosed in any printed publication."
Topic 28: "Avago's research, development, design, and commercialization of a "flying mouse" or gestural pointing device."

4

information. Avago refuses to do that, arguing that it cannot guarantee that Elan's lawyers elicited all possible information from the deponents by asking the right questions, and arguing that Elan cannot tell Avago whom to designate in response to a Rule 30(b)(6) deposition notice.

Of course, Elan cannot tell Avago whom to designate in response to a Rule 30(b)(6) deposition notice. But Avago is not agreeing to designate anyone here. Avago asserts it is entitled to selectively designate one inventor's past testimony, which he gave as an individual, as Avago's corporate testimony. That would deprive Elan of its right to take Avago's deposition on these obviously relevant topics. Elan suggests that, at a minimum, Avago should designate someone to adopt Hartlove's testimony as the corporation's and to answer any remaining questions. That proposal is reasonable. This aspect of the motion is GRANTED. Avago shall either designate someone to testify on these topics, or designate someone who can adopt Hartlove's testimony as Avago's and supplement it with further corporate testimony if Elan has more questions.

**D.     Topic 29: Interrogatories**

Elan moves to compel Avago to designate a corporate witness to testify about the facts underlying Avago's responses to Elan's two sets of interrogatories.[4] The court understands that Elan's one set pertains largely to the Taiwan litigation, and that the other comprises contention interrogatories. This aspect of the motion is GRANTED IN PART AND DENIED IN PART. Avago shall produce a corporate designee to answer questions about the *facts* supporting Avago's interrogatory responses. It would be inappropriate to expect Avago (as opposed to Avago's lawyers) to answer any questions about Avago's legal contentions or legal theories. Also, Avago need not designate anyone to testify about Interrogatory No. 9, which asks Avago to explain its contention that Elan willfully infringes the patents in suit. Finally, for the reasons

---

[4]     Topic 29: "Identification of all persons who provided, or assisted in providing, any information that was considered or used by Avago in preparing responses to any interrogatory served by Elan, the specific interrogatory(ies) to which each person provided or assisted in providing information, as well as all documents or things relied upon by that person in providing or assisting in providing the information."

5

mentioned earlier, Avago need not designate a witness to testify about the interrogatories relating to the Taiwan litigation or the CICRI testing.

**IT IS SO ORDERED.**

Dated: 5/15/07



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; CMcEntee@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com


* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 5/15/07

                                                  /s/  JMM
                                      Chambers of Magistrate Judge Lloyd