*E-filed 5/15/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.<br><br>    Plaintiffs,<br>  v.<br><br>ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP,<br><br>    Defendants. | Case No. C04-05385 JW (HRL)<br><br>**ORDER GRANTING ELAN'S MOTION FOR LEAVE TO AMEND ITS FINAL INVALIDITY CONTENTIONS**<br><br>Re: Docket No. 205 |

In this patent infringement action, Avago Technologies General IP Pte. Ltd. and Avago Technologies ECBU IP Ltd. (collectively, "Avago") allege that Elan Microelectronics Corp. and Elan Information Technology Group (collectively, "Elan") infringe two patents ("the '780 patent" and "the '804 patent;" collectively, "the patents in suit") involving optical navigation technology used in computer mice.

The court issued a Claim Construction Ruling on August 18, 2006. Elan served its Final Invalidity Contentions on October 10, 2006. In February 2007, Elan came up with a new theory that one of Avago's patents was invalid for lack of written description and enablement. Elan had determined that the court's August 18 order opened the door to this new defense. Elan promptly disclosed the new theory to Avago and stated an intention to base a summary

judgment motion on it. Elan filed the summary judgment motion on May 1, 2007. Recently, Avago questioned Elan's expert about the new theory. Elan now seeks to formalize its new theory by moving for leave to amend its Final Invalidity Contentions ("FICs") under Patent Local Rule 3-7.

At the hearing on this motion, Avago acknowledged that no additional discovery would be needed to respond to the new invalidity contention. Avago also admitted that it would not be prejudiced by the amendment except that it would have liked to have had more time to prepare its response. However, Avago was on notice of the new defense since February and did not have to file its opposition to the summary judgment motion until today. Surely, Avago has had adequate time to address the new theory.

**Legal Standard**

Patent Local Rule 3-6(b) allows a party opposing a claim of patent infringement to serve Final Invalidity Contentions that amend its Preliminary Invalidity Contentions within 50 days of service of the court's Claim Construction Ruling. This amendment is permitted without the need to seek leave of the court. Patent Local Rule 3-7 provides that any other amendment of the Preliminary or Final Invalidity Contentions "shall be made only by order of the Court, which shall be entered only upon a showing of good cause."

**Discussion**

The issue for the court is whether or not Elan has made the requisite showing of good cause to amend its FICs. In *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006), the Federal Circuit (interpreting the relevant local rules) held that "good cause" requires a showing of diligence, and that the burden is on the movant to establish diligence. Judges in the Northern District of California have considered other factors as well in the "good cause" calculus. See, e.g., *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C05-4063 CW, 2007 WL 1288199 (N.D. Cal. Apr. 30, 2007) (considering timing and the impact of amendment on other case deadlines); *Lexar Media, Inc. v. Pretec Electronics Corp.*, No. C00-04770 MJJ, 2007 WL 1170633 (N.D. Cal. Apr. 18, 2007) (concluding that opponent had sufficient notice and choosing to elevate substance over form); *Comcast Cable*

*Communications Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) (mitigating any prejudice through an award of costs); *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1329997 (N.D. Cal. May 15, 2006) (considering lack of prejudice, notice issues, and the importance of deciding invalidity challenges to patents).

Elan argues that it has shown good cause because it brought the issue to the court's and to Avago's attention promptly after discovering the problem. Elan also emphasizes that there is no prejudice to Avago, because Avago has had plenty of warning (several months) that Elan would seek to make this argument. Finally, Elan argues that the court should promote substance over form, that the issue of a patent's invalidity for lack of written description and enablement is very important, and that it is in the public interest for the issue to be decided on the merits.

Avago's only argument is that Elan was not diligent in crystalizing its invalidity theories as soon as possible. Elan had everything it needed to formulate this theory once the court issued its August 18, 2006 Claim Construction Ruling, but did not "realize" (Elan's own word) this potential defense until February 2007. Avago asserts that diligence is at the heart of the good cause inquiry, because the purpose of the relevant Patent Local Rules is to require the parties to formulate and explain their theories early in the litigation.

Elan should have sought to amend its FICs sooner; however, on balance, Elan has shown sufficient good cause to amend its FICs now. First, Avago will not be significantly prejudiced by the amendment. Avago will have known about this theory for almost three months before its opposition to the relevant summary judgment motion is due. Also, all of the documents that this theory is based on have been in Avago's possession for at least as long as they have been in Elan's. Second, the court wishes to have this invalidity issue decided on its merits, in the interest of promoting substance over form. Third, there is no reason to suspect that Elan is acting in bad faith. Fourth, it seems that Elan was diligent in notifying Avago of this new invalidity theory as soon as Elan itself came up with it.

3

On the other hand, Elan gives no excuse for failing to "realize" the existence of this theory for approximately six months after it had access to all the information it now relies on. Therefore, the court will permit Elan to amend its FICs to assert the theory explained in the recent briefing, on the condition that Elan reimburse Avago for the costs and attorneys' fees Avago has incurred in litigating the instant motion, which would not have been litigated in this fashion but for Elan's tardiness. Avago shall file a declaration of counsel setting forth with specificity the costs and attorneys' fees incurred in litigating this motion no later than May 29, 2007.  See *Comcast Cable Communications Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) and *Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*, No. C05-860 JF (PVT), 2006 WL 2228940 (N.D. Cal. Aug. 3, 2006). Elan's opposition, if any, is due June 5, 2007.   The motion is GRANTED.

**IT IS SO ORDERED.**

Dated: 5/15/07              _____

HOWARD R. LLOYD

UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; CMcEntee@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 5/15/07

    /s/  JMM
Chambers of Magistrate Judge Lloyd

5