*E-FILED 6/20/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP PTE LTD. and AVAGO TECHNOLOGIES ECBU IP LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ELAN MICROELECTRONICS CORP. and ELAN INFORMATION TECHNOLOGY GROUP,<br><br>Defendants. | Case No. C04-05385 JW (HRL)<br><br>**ORDER ON AVAGO'S MOTION FOR AN AWARD OF FEES AND COSTS**<br><br>Re: Docket No. 228 |

This is a patent infringement action involving sensors used in optical computer mice. Avago moves for sanctions under FED. R. CIV. P. 37(a)(4)(B) against Elan,[1] as a consequence of an order of this court [Docket No. 216] denying Elan's Motion to Compel production witnesses pursuant to Rule 30 deposition notices [Docket No. 186]. The motion seeks attorneys fees and costs associated with opposing Elan's motion to compel.

---

[1] Although there are multiple plaintiffs and multiple defendants, for convenience, they are here referred to in the singular as "Avago" and "Elan."

## BACKGROUND

In addition to the action in this court, Avago has sued Elan in Taiwan for infringement of a Taiwanese patent similar to one of the patents at issue here ("the Taiwanese action"). The same Elan products are at the center of the dispute in the American and Taiwanese actions. In order to carry out its infringement analysis in the American action, Avago obtained the product source code for Elan's optical mouse sensors. The code was produced as "Outside Attorney's Eyes Only" under a protective order entered by this court.

In the Taiwanese action, Avago's outside counsel (a Taiwanese law firm) commissioned the China Industrial & Commercial Research Institute ("CICRI") to conduct an infringement analyses of Elan's products. CICRI's report finding infringement was submitted to the Taiwanese court. The CICRI report did not claim to rely on any Elan product source code in reaching its conclusions. Nevertheless, Elan - apparently believing that CICRI could not have reached its infringement conclusion without having the source code produced in this action - suspected that Avago improperly provided it to CICRI for use in the Taiwanese action. Avago's counsel repeatedly insisted that it had not given the source code to CICRI.

Elan decided to use the American action to find out more about CICRI's testing of Elan's products in Taiwan. In pursuit of this information, Elan served Avago with Rule 30 notices of deposition for Avago's Taiwanese lawyers. Avago objected to the notices and sought from Elan legal authority for the sufficiency of a mere Rule 30 notice of deposition for non-citizen third party witnesses. Avago's attorney warned that, if Elan moved to compel the depositions based on the Rule 30 notice, Avago would seek fees and costs incurred in opposing it. Nevertheless, Elan did file its motion to compel the depositions of the Avago lawyers in Taiwan, and this court denied that motion.

## DISCUSSION

Avago argues that it should recover its fees and costs incurred in opposition because Elan's motion to compel production of witnesses was not "substantially justified" under FED. R.

2

CIV. P. 37(a)(4)(B).[2]  In order to assess whether the motion was "substantially justified," the court looks to whether reasonable people could differ as to whether it was appropriately raised. *Pierce v. Underwood*, 487 U.S. 552, 566 (1988).[3]

Caselaw uniformly dictates that mere notices to attend depositions are insufficient to compel attendance of non parties.[4]  Furthermore, the Taiwanese lawyers were residents of a foreign nation that is not a signatory to the Hague Convention.  Therefore, the appropriate method for requiring their appearance is the letter rogatory.  FED. R. CIV. P. 28(b).  The only possible legal argument that Elan could have made to compel the deposition notices pursuant to a Rule 30 notice is that the lawyers were agents of Avago.  Thus, as agents, the court could compel Avago to produce them (assuming that the putative deponents are within the federal court's subpoena power).[5]  However, Elan did not argue in support of its motion to compel that the outside counsel fits into the category of high-ranking employees.  Furthermore, Elan justified its decision not to proceed under FED. R. CIV. P. 28(b) by complaining about the delay inherent in the letter rogatory process.

In arguing against this motion for sanctions, Elan remains unable to cite any authority it relied on in filing the motion to compel.  Elan instead argues that its need for the information was so pressing that it should be excused from formal compliance with the Federal Rules of Civil Procedure.  However, Elan was obliged to work within the constraints of the rules on discovery.

---

[2] If a discovery motion is denied, "the court ... shall ... require the moving party ... to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

[3] *Pierce* was actually the Supreme Court's interpretation of "substantially justified" in a different context (i.e., as defined in the Equal Access to Justice Act), although this meaning seems to have been adopted uniformly into the Rule 37 context.  *See e.g.*, *PLX v. Prosystems*, 220 F.R.D. 291 (N.D.W.Va. 2004) and *AAIpharma v. Kremers* (Slip Copy) 2006 WL 3096026 (S.D.N.Y. 2006).

[4] *See, e.g., El Salto, S. A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971) ("mere notice to attend [deposition] is insufficient to compel the attendance of a person not a party; a subpoena is required").

[5] See 8A *Wright, Miller & Marcus, Federal Practice and Procedure* § 2103 (2d ed. 1994).

3

The court additionally bases this decision on evidence of Elan's knowledge of the proper course of conduct. Elan's own cited authorities refer to the need for subpoenas in the third party deposition context.[6] Further, the correspondence between counsel for both parties, as well as Elan's statements to this court, evidence its awareness of the need to proceed under letters rogatory in these circumstances.

Elan's inability to cite to any legal authority for its chosen course of action and its refusal to undertake the sole appropriate process for obtaining testimony from these witnesses, with complete knowledge thereof, resulted in an unnecessary burden on this court and on Avago. Because Elan's motion was lacking substantial justification, the court awards attorney's fees and costs to Avago.

This court is satisfied by the declaration of Avago's counsel as to the hourly rate, the explanation for why an unusual amount of time was necessarily invested, the total time spent opposing the motion to compel, and the costs incurred.[7] Therefore, Elan shall pay $15,247.80 to Avago in attorneys fees and costs under FED. R. CIV. P. 37(a)(4)(B).

**IT IS SO ORDERED.**

Dated:   6/20/07

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[6] See, Elan's Brief at 9:7-11, citing, *Louen v. Twedt*, 236 F.R.D. 502 (E.D.Cal. 2006) (noting attorneys whose depositions were compelled made no effort "to quash or modify the deposition subpoena" to them); *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472 (N.D.Cal. 1998) ("attorneys have exchanged letters regarding the propriety of these [third-party] depositions and the subpoenas duces tecum attached thereto").

[7] (Steinsapir Decl.)

4

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Morgan Chu mchu@irell.com

Hsin-Yi Cindy Feng cfeng@akingump.com

Alan J. Heinrich aheinrich@irell.com

Yitai Hu yhu@akingump.com

Sang Hui Michael Kim mkim@akingump.com, skapralov@akingump.com; nthreadgill@akingump.com; btseng@akingump.com

Samuel Kai Lu slu@irell.com

Richard Elgar Lyon , III rlyon@irell.com, mwilliams@irell.com; jgordon@irell.com; CMcEntee@irell.com; rick.lyon@gmail.com

Gary C. Ma gma@akingump.com

David Craig McPhie dmcphie@irell.com, jrichter@irell.com

Elizabeth H. Rader erader@akingump.com, skapralov@akingump.com; btseng@akingump.com; nmarie@akingump.com

Jonathan Philip Steinsapir jsteinsapir@irell.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:   6/20/07

                                              /s/  KRO
                                           Chambers of Magistrate Judge Lloyd