United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Avago Technologies General IP PTE Ltd., et al., <br><br> Plaintiffs, <br> v. <br> Elan Microelectronics Corp., et al., <br><br> Defendants. | NO. C 04-05385 JW <br><br> **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE LLOYD'S ORDER GRANTING AVAGO'S MOTION FOR AN AWARD OF FEES AND COSTS** |

On June 20, 2007, Magistrate Judge Lloyd issued an Order granting Plaintiffs' motion for an award of fees and costs. (hereafter, "Order," Docket Item No. 301.) Defendants contend that Judge Lloyd erred in penalizing them for seeking the Court's assistance in obtaining discovery (via motion to compel) on Plaintiffs' allegedly contradictory statements in this action and in a related action pending in Taiwan. Defendants further contend that Judge Lloyd erred in denying their motions to compel, which sought, *inter alia*, Rule 30(b)(6) depositions of Avago and depositions of Avago's Taiwanese counsel on their non-privileged communications with a third party in Asia. (See Docket Item No. 319.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

After denying a discovery motion, the court may require the moving party or its counsel to pay the reasonable expenses of the opposing party, including attorney fees, unless the court finds (1) the motion was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(4)(B). Judge Lloyd reasoned as follows: Since Taiwan is not a signatory to the Hague Convention, the appropriate method for requiring the appearance of Taiwanese deponents is the letter rogatory, pursuant to Rule 28(b). Thus, Defendants' only justification for attempting to compel depositions pursuant to a Rule 30 notice would be if the Taiwanese deponents were agents of Plaintiffs. However, Defendants did not make that argument. Instead, Defendants merely complained about the delay inherent in the letter rogatory process. Judge Lloyd found that sanctions were merited based on Defendants' failure to cite to legal authority supporting its Rule 30 course of action and its concomitant refusal to undertake the Rule 28(b) letters rogatory process. For Judge Lloyd, these factors caused Defendants' motions to compel to lack substantial justification. (Order at 3-4.) To determine Plaintiffs' fees and costs, Judge Lloyd reviewed the declaration of one of Plaintiffs' counsel, Jonathan Steinsapir, and found that the amount requested was reasonable. (Order at 4.)

The Court finds that Judge Lloyd's Orders on Defendants' motions to compel and on Plaintiffs' motion for an award of fees and costs are not clearly erroneous or contrary to law. Accordingly, Defendants' objections are OVERRULED.

Dated: July 6, 2007

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan J. Heinrich aheinrich@irell.com
David Craig McPhie dmcphie@irell.com
Elizabeth Hannah Rader erader@akingump.com
Gary C. Ma gma@akingump.com
Hsin-Yi Cindy Feng cfeng@akingump.com
Jonathan Philip Steinsapir jsteinsapir@irell.com
Morgan Chu mchu@irell.com
Richard Elgar Lyon rlyon@irell.com
Samuel Kai Lu slu@irell.com
Sang Hui Michael Kim mkim@akingump.com
Yitai Hu yhu@akingump.com

**Dated: July 6, 2007**            **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**

**United States District Court**
For the Northern District of California