1

2

3                                                          *E-FILED 7/20/07*

4

5

6

7                            NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

**United States District Court**
For the Northern District of California

AVAGO TECHNOLOGIES GENERAL IP PTE
LTD. and AVAGO TECHNOLOGIES ECBU IP          Case No. C04-05385 JW (HRL)
LTD.,

                Plaintiffs,                  **ORDER ON MOTION TO STRIKE
                                             PORTIONS OF DEFENDANTS' EXPERT
                                             REPORT OF PROFESSOR BERTHOLD
       v.                                    K.P. HORN**

ELAN MICROELECTRONICS CORP. and
ELAN INFORMATION TECHNOLOGY                  Re: Docket No. 287
GROUP,

                Defendants.
_____

       This is a patent infringement action involving two patents ("the '780 patent" and "the

'804 patent") for sensors used in optical computer mice.  Avago sues for infringement and Elan

counterclaims for invalidity.[1]  Avago moves to strike portions of Defendant's expert report by

Berthold K.P. Horn ("Horn Report") for non-compliance with the local patent rules.

### 1.  Horn Report ¶ ¶ 87-93: New Invalidity Theory

       Plaintiff first moves to strike paragraphs 87-93 on the basis that they assert an invalidity

theory for the '804 patent based on lack of written description and enablement pursuant to 35

_____

       [1] Although there are multiple plaintiffs and multiple defendants, for convenience, they
are here referred to in the singular as "Avago" and "Elan."

U.S.C. § 112 ("the § 112 theory").  According to Plaintiff, Defendant did not include this theory in its original Final Invalidity Contentions ("FIC") and did not seek leave of the court to amend the FIC to include the § 112 theory for the '804 patent.  Elan, however, claims it was granted leave to amend its FIC for this theory.

Several months after the claim construction hearing on Elan's original FIC, Elan notified Avago of its intent to file a motion for summary judgment on new theories.  Specifically, Elan said it had invalidity arguments for the '780 and '804 patents based on 35 U.S.C. § 112.[2]  Avago objected because the § 112 theory was not in the FIC.  During meet and confer, Elan's counsel sent a letter to Avago attaching proposed FIC which added the § 112 theory only for the '780 patent.[3]  When these negotiations failed, Elan moved this court to amend its FIC.  Before that motion was heard, Elan filed for summary judgment on both '780 and '804, but argued the § 112 theory only for the '780 patent.  [Docket Nos. 232 and 239].  Two weeks after the summary judgment motions were filed, the parties appeared before this court on Elan's motion to amend the FIC.  The order that followed [Docket No. 252] granted Elan's motion.  Elan then served an amended FIC which included the § 112 theory on both patents.

It is necessary to first consider Elan's motion to amend its FIC and the context in which it was decided to examine whether Elan now permissibly includes the § 112 theory on the '804 patent.  Defendant acknowledges that in its motion to amend, the '804 patent was mentioned only in passing.  In fact, Elan's ten page brief includes a single sentence specifically referring to the '804 patent.[4]  As part of the declaration in support of that motion, Elan attached the earlier letter to Avago and proposed FIC attachment in which Elan sought amendment of '780 only.[5]  Furthermore, the motion to amend makes clear that its purpose is to cure the procedural defect

---

[2] Elan's intention to pursue these theories was disclosed to Avago in a March letter and in an administrative request.  *See*, Kim Decl. Exs. I and H..

[3]  Rader Decl. to Motion to Amend, Ex. L.

[4] Elan also points to the use of plural language when it referred to the invalidity arguments and theories.  However, the burden was on Elan to show good cause for leave to amend with respect to each new invalidity argument.

[5]  Rader Decl. to Motion to Amend, Ex. L.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  in the filed-but-not-yet-heard summary judgment motion (i.e., to add to its FIC the new

2  invalidity argument for the '780 patent).   Finally, this court's order granting the amendment to

3  the FIC specifically limits it to one of Avago's patents (i.e., the '780 patent).   Elan chose not to

4  pursue amendment to its FIC to add the § 112 theory for the '804 patent; it can not rewrite

5  history now to include what it did not seek before.[6]

6      Even after concluding that the Horn paragraphs relating to the § 112 theory on the '804

7  patent should be stricken, there is still the question of which paragraphs are implicated.   The

8  report indicates that paragraphs 91-93 are the introductory paragraphs to Horn's comparison of

9  prior art to claim 14 of the '804 patent.[7]   Avago has raised no concerns with respect to this

10  particular topic, and the court sees none.   Therefore, Plaintiff's motion with respect to

11  paragraphs 87-90, which pertain to invalidity for lack of written description and enablement

12  under 35 U.S.C. § 112 for patent '804, is GRANTED.   Plaintiff's motion to strike paragraphs 91-

13  93 is DENIED.

14

15      **2. New Prior Art Citations, Omitted Citations and Conflicting Conclusions**

16      Based on the arguments addressed below, Avago moves to strike these paragraphs and

17  the claim chart exhibits (created by the expert) incorporated into those paragraphs.

18      **a) Horn Report ¶ 54 and Ex. 15: New Citations to Prior Art References**

19      Avago argues that paragraph 54 and associated exhibit 15 should be stricken because the

20  expert relies on different prior art pinpoint citations than those in Elan's 3-3 claim charts.[8]   The

21  antecedent of this dispute is Avago's earlier motion to compel more specificity in Elan's claim

22  charts.   [Docket No. 156].   There, Elan used the signal "see e.g." for its pinpoint citations to

23

24      [6] Although not decided here, the likelihood that Elan would now be granted leave to
amend is also considered.   Of particular concern is the prejudice to Avago at this stage of

25  litigation and concerns over Elan's diligence in seeking this amendment.   *IXYS Corp. v.
Advanced Power Tech., Inc.*, 2004 US DIST LEXIS 10934, *3-*4 (N.D. Cal.) (in the

26  amendment determination, "prejudice is the touchstone of the inquiry").

27      [7] "91. [...] I now compare the prior art to claim 14 of the '804 patent."

28      [8] Elan's 3-3 claim chart cites to 6:64-7:5 of the Jackson Patent, while Elan's expert
cites to Figs. 3A and 3B, col. 9:1-12, 9:54-58, and 11:28-34 of the same.

prior art reference page or column numbers.  Avago's motion was denied, but the order relied in part on Elan's representations in open court "that the exemplar given with the signal is the prior art reference that will be relied upon." [Docket No. 202].  Avago interprets this order as precluding Elan from relying on different pinpoint citations than those in the FIC.  Elan, however, contends that the court's use of the term "prior art reference" refers to the entire prior art document (or alternatively, to a particular concept from that prior art document), not the pinpoint citation.  Thus, Elan denies that the order limits it to a specific page or line of text.

Elan's argument respecting the definition of "prior art reference" ignores the distinction between Local Patent Rules 3-3(a) and 3-3(c).[9]  Unlike 3-3(a), 3-3(c) requires Elan to cite specifically within the prior art reference, not merely to the entire document or some general element therein.  This court's conclusion that Elan met 3-3's requirements explicitly relies upon the representations made at oral argument by Elan's counsel that it had chosen and specifically cited its best example and would not assert unspecified others.   Defendant is limited to the pinpoint citations disclosed in its FIC. *Atmel Corp. v. Information Storage Devices*, 1998 U.S. Dist. LEXIS 17564, *7-*8 (N.D. Cal.).   Accordingly, the motion to strike paragraph 54 and exhibit 15 is GRANTED.

### b)  Horn Report ¶ 57 and Ex. 17: Omitted Citations

Avago moves to strike paragraph 57 and associated exhibit 17 because Horn omits many of the references Elan originally relied upon it its claim chart.  In the exhibit, Horn cites to 7-9 of the Jackson patent.  Avago complains that, although Elan cited 7-9 of Jackson in its 3-3 claim chart, it also cited 5 and 18-21.  As such, Avago contends that these references are "decoys" intended to hide Elan's "real" theories.  Elan counters that it is not required to utilize all references cited in its FIC.

Where a party has not relied on all, or many, of its original claim chart citations, courts typically favor giving the disclosing party latitude in "over-citing" invalidity arguments in its

---

[9] Local Patent Rule 3-3(a) requires that the FIC include " the identity of each item of prior art" upon which the party intends to rely.  Rule 3-3(c), on the other hand, requires "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."

1   FIC.  Because the local patent rules limit parties to those arguments disclosed in the FIC, it

2   would be unfair to punish parties that are careful to include all potential arguments early in the

3   litigation.  *Atmel Corp. v. Information Storage Devices*, 1998 U.S. Dist. LEXIS 17564, *7-*8

4   (N.D. Cal.).   Elan's expert is not required to incorporate every citation from Elan's claim chart

5   and the court will not strike portions of the report on this basis.  Accordingly, Plaintiff's motion

6   to strike paragraph 57 and exhibit 17 is DENIED.

7                **c) Horn Report ¶ ¶ 66 and 74 and Exs. 21 and 22: Conflicting Conclusions**

8               Relying on the omitted citation argument (explained above) and further claiming that

9   Horn's conclusions are inconsistent with Elan's claim chart conclusions, Avago moves to strike

10  paragraphs 66 and 74 and exhibits 21 and 22.  Paragraph 74 of the Horn Report, along with

11  exhibit 22, detail "how each element of the asserted claim 4 [of '780] is taught or suggested by

12  Adan in view of Jackson and/or Szeliski."  Elan concluded that Adan teaches that the patent is

13  obvious, citing to Figure 4 of Adan and associated text.  Avago finds inconsistency where the

14  expert concludes that the Adan patent does not specifically teach this point and where the

15  expert's chart does not to cite to Adan.  Avago makes a nearly identical argument with respect

16  to paragraph 66 and the associated exhibit 21.[10]

17              Review of these portions of the report identified by Plaintiff as inconsistent reveals no

18  basis for striking.  Although the expert clarifies the conclusions reached by Elan, there is no

19  obvious inconsistency.  Further, the expert relies on portions of prior art that were previously

20  disclosed.  Therefore, even though the particular combinations were not disclosed, Avago had

21  fair notice of the potential for those conclusions.[11]  Accordingly, Plaintiff's motion to strike

22  paragraphs 66 and 74 and exhibits 21 and 22 is DENIED.

23  

24          [10] Paragraph 66 incorporates exhibit 21, which "details how each element of the
    asserted claim 4 [of '780] is taught or suggested by the Tanner references in view of Jackson
25  and/or Szeliski."  Horn concludes, according to Avago, that Tanner does not disclose the
    "correlation surface" limitation and does not cite specifically to Tanner.  Elan's claim chart
26  concludes that the Tanner reference discloses that limitation and cites extensively to Tanner.

27          [11] *IXYS Corp. v. Advanced Power Technology, Inc.*, 321 F.Supp.2d 1133, 1153, n. 19
    (N.D. Cal., 2004) (although defendant never suggested specific combination of references in
28  its invalidity contentions, as required under Local Rules, the court permitted the claim
    because plaintiff had long been on notice of the potential combination).

United States District Court

For the Northern District of California

### 3.  Horn Report ¶ ¶ 15-16: New Prior Art

Finally, Plaintiff moves to strike paragraphs 15 and 16 on the basis that the expert relies on previously undisclosed prior art references to show the state of prior art for the '780 patent.[12] Elan counters that Avago was put on notice of these references because they were cited in the previously disclosed Szeliski reference.  Additionally, Defendant argues that the expert is not relying on these documents, but is merely "working backwards from" the Szeliski reference.

Paragraph 15 begins by identifying the P. Anadan article[13] cited to in the Szeliski reference.  Horn then explains the general content of that article, stating that it "includes a thorough comparison of 'gradient-based' and 'correlation-based' methods for determining motion from image sequences."  Additionally, Horn cites to particular portions of the Anadan article, including a reference to a page of Anadan which discusses earlier use of "confidence information" by various authors, specifically named in the paragraph.  It then mentions other publications by Anadan which pertain to the state of the prior art of the '780 patent.  The paragraph concludes by quoting from the abstract of the Anadan article.  In paragraph 16, Horn states that his conclusion on the state of prior art is based on the "above references."

Horn is not "merely working backward" from Szeliski.[14]  The report elaborates on the Anadan article.  Further, the references do not end there.  The identification of various authors cited within Anadan, as well as references to other Anadan publications, raise the inference that Elan might rely on any of these.  Here, Horn relies on previously undisclosed prior art in reaching his conclusion.  Local Rule 3-3(a) requires Elan to identify those references it intends to rely upon.  That was not done here.  Thus, the motion to strike paragraphs 15 and 16 is GRANTED.

---

[12] It is undisputed that Elan served these articles the day after the expert report was served.  *See*, Steinsapir Decl., Ex. 10.

[13] The article is entitled, "Measuring Visual Motion from Image Sequences."

[14] The fact that the Anadan article was cited in Szeliski is no help to Elan.  That an article is cited in a disclosed prior art reference is insufficient notice that a party intends to rely on the article.

United States District Court
For the Northern District of California

1

2      **IT IS SO ORDERED.**

3

4

5    Dated:    7/20/07

6    
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2

3   Morgan Chu mchu@irell.com

4   Hsin-Yi Cindy Feng cfeng@akingump.com

5   Alan J. Heinrich aheinrich@irell.com

6   Yitai Hu yhu@akingump.com

7
    Sang Hui Michael Kim mkim@akingump.com, btseng@akingump.com,
8   nthreadgill@akingump.com, skapralov@akingump.com

9   Samuel Kai Lu slu@irell.com

10
    Richard Elgar Lyon , III rlyon@irell.com, CMcEntee@irell.com, jgordon@irell.com,
11  mwilliams@irell.com, rick.lyon@gmail.com

12  Gary C. Ma gma@akingump.com

13
    David Craig McPhie dmcphie@irell.com, jrichter@irell.com
14

15  Elizabeth Hannah Rader erader@akingump.com, btseng@akingump.com,
    nmarie@akingump.com, skapralov@akingump.com, ytanguay@akingump.com
16
    Jonathan Philip Steinsapir jsteinsapir@irell.com
17

18

19  **\* Counsel are responsible for providing copies of this order to co-counsel.**

20

21  Dated:   7/20/07

22                                              /s/  KRO
                                          Chambers of Magistrate Judge Lloyd
23

24

25

26

27

28