IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Avago Technologies General IP Ltd., et al., | NO. C 04-05385 JW |
| Plaintiffs,<br>v. | **ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S ORDER** |
| Elan Microelectronics Corporation, et al., | |
| Defendants. | |

On July 20, 2007, the Magistrate Judge Lloyd granted in part and denied in part Avago's Motion to Strike Portions of Defendant's Expert Report. (hereafter, "Order," Docket Item No. 352), Judge Lloyd struck three different portions of the Expert Report of Professor Berthold K.P. Horn. Before the Court is Elan's Objections to Magistrate Judge Howard R. Lloyd's Order. (hereafter, "Objections," Docket Item No. 355.)

A party may object to a non-dispositive pretrial order of a magistrate judge within ten days after service of the order. Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). A magistrate judge's factual determinations are subject to the "clearly erroneous" standard. Maisonville v F2. Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990).

Judge Lloyd's Order first struck paragraphs 87-90, on the ground that they asserted an invalidity theory not originally included in Elan's Final Invalidity Contentions ("FICs"). The theory, that the '804 patent is invalid for lack of written description, was included in an amended version of Elan's FICs. However, Judge Lloyd found that Elan had not sought leave of court to include that

1 theory by amendment, as required.  (Order at 2-3.)  Upon review of Elan's previous motion for leave
2 to amend its FICs (see Docket Item No. 205), and the order granting that motion (see Docket Item
3 No. 252), the Court finds that Judge Lloyd's finding is not clearly erroneous.

4       Paragraph 54 and Exhibit 15 were stricken because they discuss portions of prior art
5 references not identified in Elan's claim charts as required by Patent Local Rule 3-3(c).  (Order at 3-
6 4).  Elan contends that merely identifying the prior art reference is sufficient to satisfy the rule.[1]
7 (Objections at 6.)  This is incorrect: rule 3-3(c) requires that invalidity contentions disclose
8 "specifically in each alleged item of prior art each element of each claim found."

9       Further, Paragraphs 15-16 were stricken because they discuss a prior art reference not
10 disclosed in Elan's FICs.  Judge Lloyd found that the expert report did not merely use the
11 undisclosed reference to explain other invalidating prior art, but also relied on the undisclosed
12 reference itself.  Upon review of the expert report, the Court finds that Judge Lloyd's finding is not
13 clearly erroneous.  Accordingly, the Court OVERRULES Elan's objections.

15 Dated:  August 22, 2007

                                      *James Ware*
JAMES WARE
United States District Judge

---

[1] Elan does not contend that, as a factual matter, the pinpoint citations included in its FICs fully disclose Elan's arguments regarding how each claim element is met by the prior art.  (See Objections at 6.)  Accordingly, the Court does not consider this argument.

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan J. Heinrich aheinrich@irell.com
David Craig McPhie dmcphie@irell.com
Elizabeth Hannah Rader erader@akingump.com
Gary C. Ma gma@akingump.com
Hsin-Yi Cindy Feng cfeng@akingump.com
Jonathan Philip Steinsapir jsteinsapir@irell.com
Morgan Chu mchu@irell.com
Richard Elgar Lyon rlyon@irell.com
Samuel Kai Lu slu@064;irell.com
Sang Hui Michael Kim mkim@akingump.com
Yitai Hu yhu@akingump.com

Dated:  August 22, 2007                    **Richard W. Wieking, Clerk**

                                           **By: /s/JW Chambers**
                                               **Elizabeth Garcia**
                                               **Courtroom Deputy**

**United States District Court**
For the Northern District of California